[No. 9,085. Department Two.—February 2, 1884.]

JAMES GLEASON, RESPONDENT, *v.* ADELIA HILL ET AL., APPELLANTS.

EXECUTION SALE—WATER DITCHES—SALE OF SEVERAL DITCHES IN ONE PARCEL. —Where several water ditches and water rights appertaining to them constitute a single connected system of water supply, so that some of the ditches would be useless if owned and held by different parties, they may be sold under execution as a single parcel.

APPEAL from an order of the Superior Court of Placer County, denying a motion to set aside a sale under execution.

The facts are stated in the opinion of the court.

*Hale & Craig,* for Appellants. "When the sale is of real property, consisting of several known lots or parcels, they must be sold separately." (Code Civ. Proc. § 694; *Smith* v. *Randall,* 6 Cal. 47; *Rann* v. *Reynolds,* 11 Cal. 14; *City and County of San Francisco* v. *Pixley,* 21 Cal. 59; *Brown* v. *Ferrea,* 51 Cal. 552; *Vigoureux* v. *Murphy,* 54 Cal. 346.)

*C. A. & F. P. Tuttle,* for Respondent, cited *San Francisco* v. *Pixley,* 21 Cal. 56; *Blood* v. *Light,* 38 Cal. 654.

SHARPSTEIN, J.—The Code provides that "when the sale (under execution) is of real property, consisting of several known lots or parcels, they must be sold separately." (Code Civ Proc. § 694.) In this case the property, which consisted of four ditches and the water rights connected therewith, was sold in one parcel. The appellant contends that each ditch and the water right connected with it constituted a separate lot or parcel of real property, and should have been so sold. On the other side it is insisted that the several ditches and the water rights connected with them constitute a system of water supply, all connected, as shown by a diagram accompanying the transcript, and that if divided or sold in parcels and owned by different parties the branch between two of them, which cost over three thousand dollars, would be useless, and that owing to the character of said ditches and their connections, it would be difficult to bid on the same in parcels or fix a price upon the separate parcels. The court below, having refused to set aside the sale must be presumed to have taken that view of the matter. And unless we could clearly see that the view so taken was erroneous the order appealed from ought not to be disturbed. The question whether said ditches constituted one or several parcels of real property was one of fact, upon which the evidence was conflicting. The ditches are so connected that they might constitute but one parcel, and according to the allegations of the respondent, such is the fact.

Order affirmed.

MYRICK, J., and THORNTON, J., concurred.