[L. A. No. 4652. Department One.—February 6, 1919.]

## HERMAN BOCK, Respondent, v. G. W. LOSEKAMP, Appellant.

EXECUTION SALE—VALIDITY OF—INADEQUACY OF PRICE.—Mere inadequacy of price, however gross, is not itself a sufficient ground for setting aside an execution sale legally made. There must, in addition, be proof of some element of fraud, unfairness, or oppression, before a court will be justified in depriving the purchaser of his legal advantage.

ID.—RIGHTS AND DUTIES OF PURCHASER.—A purchaser at an execution sale who is a stranger to the proceedings and buys in good faith is charged with no duty toward the judgment debtor. He must at his peril examine the judgment and execution in order to determine the officer is duly authorized to make the sale, but he need not inquire further into the proceedings of the officer and judgment creditor to ascertain if they have been in all respects fair toward the judgment debtor; he may rely upon the officer's authority to sell and his own good faith as to that matter.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Wellborn, Judge. Reversed.

The facts are stated in the opinion of the court.

Frank S. Adams, for Appellant.

Goudge, Williams, Chandler & Hughes and Goudge, Robinson & Hughes, for Respondent.

SHAW, J.—This is an appeal by the defendant from a judgment in favor of the plaintiff in an action to set aside an execution sale and deed of the plaintiff's real estate.

The facts are very fully set forth in the findings. A judgment in favor of W. J. Cook for costs in the sum of $15.50 was entered in the superior court. One year later an execution issued on said judgment was levied by the sheriff on the property in question, and after due notice the property was offered for sale by the sheriff in the usual manner. The defendant, who was not a party to the action, was the only bidder at the sale and bought the property for the sum of $35.60, that being the amount of the judgment and costs. No redemption was made and in due course the sheriff executed a deed of the property to the defendant. The plaintiff knew that judgment had gone against him on the merits in the action in which a judgment for costs was given, but he had no actual knowledge or information of the judgment for the costs, the issuance of the execution or the sale, until after the sheriff's deed was given. Three futile demands for payment of the judgment had been made on Bock's attorneys in that action, before the execution was issued, but no notice was given to them of the execution or of the sale. The property was encumbered for $220 and was worth two thousand dollars, but the defendant believed that it was worth only five hundred dollars at the time of the sale. The court found that the consideration paid by the defendant for the property was grossly inadequate. Shortly after the issuance of the sheriff's deed the plaintiff learned for the first time of the execution and sale, whereupon he promptly tendered to the defendant the amount paid by the defendant for the property, with interest, and brought this action to set aside the sale and deed.

The court further found that the judgment creditor, Cook, knew where the plaintiff resided and did not notify him of the sale, and that both Cook and the sheriff knew that the plaintiff did not see the published notice of the sale. This notice appeared in a newspaper published in the city of

Los Angeles, but in a part thereof about thirty miles distant from the plaintiff's residence and from the property.

As to the defendant's connection with the sale, the court found that Cook's attorney was also the defendant's attorney in some other matters not connected with the sale, and that he informed the defendant, prior to the sale, that it was all right for the defendant to become a purchaser at the sale. It was further found that the defendant did not, before obtaining the sheriff's deed, communicate to the plaintiff the fact that he had purchased the lot at the sheriff's sale, nor make any effort or attempt to do so, or to find the plaintiff, nor manifest or assert during said interval, any rights of ownership or interest in the property or any part thereof, and that in that interval the defendant permitted the plaintiff to pay taxes and assessments on the property amounting in all to the sum of $43.25. It also found, however, that the judgment was entered, the execution issued, and the proceedings thereunder carried on without any design or intent on the part of the defendant or said Cook, or his attorney, to carry on or effect a secret sale of the plaintiff's property or to deprive him of the same for a mere nominal sum, or in any way to defraud the plaintiff.

It is not claimed or found that there was any irregularity in the proceedings connected with the sale, or that the defendant, Losekamp, had any knowledge of the circumstances which caused the ignorance of the plaintiff concerning the judgment, execution, and sale.

The case cannot be distinguished from the recent decision of this court in *Rauer* v. *Hertweck,* 175 Cal. 278, [165 Pac. 946]. In that case property was sold on execution for a grossly inadequate price, on a judgment and execution of which the debtor had no actual personal knowledge, and of which no actual notice was given to him, and the purchaser was a stranger to the judgment. The facts, in other words, were in all respects essentially the same as here, with respect to the position of the defendant as an innocent purchaser and as to the inadequacy of the price. The court in Bank carefully considered the question and stated the rule in this state to be that "mere inadequacy of price, however gross, is not itself a sufficient ground for setting aside a sale legally made. There must, in addition, be proof of some element of fraud, unfairness, or oppression, before a

court will be justified in depriving the purchaser of his legal advantage.'' The subject is further discussed at considerable length in that case and it is unnecessary here to repeat the arguments and reasoning there given. Upon this principle the defendant in this case was entitled to judgment.

The respondent relies on the decision in *Odell* v. *Cox*, 151 Cal. 70, [90 Pac. 194]. That case is cited and discussed in the Rauer case, and it was there shown that it was not applicable to such cases as the one at bar. A purchaser at an execution sale who is a stranger to the proceedings and buys in good faith is charged with no duty toward the judgment debtor. He must at his peril examine the judgment and execution in order to determine whether the officer is duly authorized to make the sale, but he need not inquire further into the proceedings of the officer and judgment creditor to ascertain if they have been in all respects fair toward the judgment debtor; he may rely upon the officer's authority to sell and his own good faith as to that matter. (*Blood* v. *Light*, 38 Cal. 654, [99 Am. Dec. 441].) The judgment should have been for the defendant.

The judgment is reversed.

Sloss, J., and Lawlor, J., concurred.

Hearing in Bank denied.

Shaw, J., Lawlor, J., Lennon, J., and Olney, J., concurred.

Angellotti, C. J., dissented from the order denying a hearing in Bank, and on March 8, 1919, rendered the following opinion thereon:

ANGELLOTTI, C. J.—I am unable to concur in the conclusion reached in the Department opinion. It seems to me that in connection with an admitted inadequacy of consideration so gross as "to shock the conscience" there are circumstances sufficient to fairly warrant the conclusion of the trial court that the case is governed by the equitable doctrine enunciated in such cases as *Odell* v. *Cox*, 151 Cal. 70, [90 Pac. 194]. The correctness of the views expressed in that case has never been questioned. In fact, they were expressly affirmed and applied in *Winbigler* v. *Sherman*, 175

Cal. 270, [165 Pac. 943], and the doctrine of the two cases was recognized and approved in *Rauer* v. *Hertweck,* 175 Cal. 278, [165 Pac. 946], the opinion in the last-named case being subscribed by the very justices who concurred in *Winbigler* v. *Sherman, supra.*