[Civ. No. 5350. Third Appellate District.—August 3, 1935.]

WALTER D. SMITH et al., Respondents, v. MAX THOMSEN et al., Defendants; A. R. PRATT, Appellant.

Samuel J. Crawford for Appellant.

Fogel & Beman and Richard K. Gandy for Respondents.

PULLEN, P. J.—Respondents herein were the owners of an unimproved parcel of land in Santa Monica upon which they desired to erect a hotel with stores on the ground floor. In furtherance of this project respondents obtained a build-

ing loan from the Beneficial Life Insurance Company. They also entered into a long-term lease for the hotel with Max Thomsen and Eleanor Thomsen at a total rental of $335,700. In accordance with the agreement the Thomsens furnished the hotel, entering into a contract therefor with A. R. Pratt, appellant herein, who installed the furniture and fittings to an amount in excess of $40,000. As security for the faithful performance of the lease it was agreed that the lessees would give to the lessors a chattel mortgage on the furniture. To do this it was necessary for appellant to release his lien on the furniture and vest title in the lessees, which he did, accepting in lieu thereof as security for the unpaid balance on the furniture an assignment from the lessees of their lease. The lessors in turn assigned the chattel mortgage on the furniture to the insurance company as additional security for its loan.

After the execution of these various instruments the original loan from the insurance company was increased some $15,000 and the same evidenced by a supplementary agreement dated July 20, 1928, increasing the total rentals on the hotel for the entire term to $350,685. It is the fact of this increase in rental contained in this agreement of which appellant claims he had no notice. This supplementary agreement was executed by lessors and lessees and acknowledged by Bernard J. Walsh, a notary public. The lessees failing to pay the required monthly rentals, defaulted and two actions were brought, one to foreclose the chattel mortgage and for the appointment of a receiver, and another action in unlawful detainer. With this latter action we have nothing to do, this appeal being from a judgment for a specified sum found due from the lessees to the lessors for rent and directing the foreclosure of the chattel mortgage to satisfy the amount due. The appellant is A. R. Pratt who originally sold to lessees the furniture covered by the chattel mortgage.

Appellant raises two questions in his opening brief: First, that Pratt was a surety and the change in the amount due under the lease was an alteration without his knowledge and consent in the terms of the contract between the principal and the insured and therefore acted as a discharge of the suretyship, and, second, as to the right of a landlord to collect rentals during the period of time a receiver was in charge of the premises.

■ The first question to be determined, however, was whether Pratt was in fact a surety. The finding of the trial court was that "it is not true that the defendant A. R. Pratt ever became surety for Max Thomsen and Eleanor Thomsen". In the agreement entered into between Mr. and Mrs. Smith, the owners and lessors of the hotel, and A. R. Pratt, wherein the lessors agreed to the assignment of the lease from the lessees to Pratt as security for the payments due on the furniture sold by Pratt to Thomsen it is provided:

"It is expressly understood and agreed between the parties hereto that second party (Pratt) is not, and shall not be considered as, a guarantor of said Lessee, nor shall second party, be responsible for the performance of any of the provisions of said lease unless second party accepts said assignment of said lease and duly notifies first parties of such acceptance."

It is not contended that Pratt ever accepted an assignment of the lease nor performed any of the conditions precedent specified in the agreement. Appellant attempts to support his contention of suretyship by differentiating between a personal and real suretyship and by claiming that this was a real suretyship as the obligation rested upon specific property as the security for the debt. It must be remembered, however, that Pratt had sold to Thomsen the furniture in question, vesting title thereto in him, and had taken as security for the payment thereof not a claim in the furniture itself, but an assignment of a certain lease. This transfer of title in the furniture was full and complete and the purchasers thereof executed a chattel mortgage on the furniture to another who brought the present action. We do not believe, therefore, Pratt was acting as a surety, either personal or real, in the transaction.

■ However, as respondents point out, if such suretyship did in fact exist the modification of the original terms was made with the knowledge and consent of Pratt and he cannot now complain. The trial court so found and in support of that finding the evidence discloses that the original lease wherein the total rentals were fixed at $335,700 bears date of February 17, 1928, and was acknowledged on March 14, 1928, before Samuel J. Crawford, a notary public and the attorney of record for appellant herein. This lease was placed in escrow, together with various documents involved in the deal, which escrow was closed August 1, 1928. Under

date of July 20, 1928, a chattel mortgage was executed between Max Thomsen and Eleanor Thomsen and Walter D. and Eleanor S. Smith to secure all of the obligations of that certain lease hereinabove referred to and the amendments thereto. It will be recalled that this document was acknowledged before Samuel J. Crawford, attorney for appellant. It appears from the testimony of Mr. Pratt that his attorney in the transactions between himself and the Thomsens, including negotiations as to the chattel mortgage and the agreement as to the sale of the furniture and also the subrogation agreement wherein Pratt accepted the assignment of the lease as security for the purchase price of the furniture was also Samuel J. Crawford. As to the supplemental agreement, wherein the amount of the mortgage was increased from $335,000 to $350,000, it appears this instrument was acknowledged before Mr. Bernard J. Walsh, an attorney and a notary public, with whom Mr. Pratt also discussed the terms thereof. It also appears that Mr. Walsh was an attorney in the office of Mr. Crawford and was taking care of Mr. Crawford's legal business while he was on his vacation. It would be noted also that this instrument, being a supplemental agreement, was dated and acknowledged on July 20, 1928, which is also the date of the chattel mortgage. It would also appear that Mr. Crawford represented Mr. Smith in the handling of the various instruments placed in escrow, pending the completion of the entire transaction. As to whether or not Mr. Crawford actually drew the supplementary agreement between the lessors and the lessees wherein the increased amount was agreed upon and certain rentals changed, he himself was uncertain, although he admitted discussing with Mr. Smith the amounts involved. It is apparent, however, that he was familiar with that portion of the transaction and acted as attorney for both Mr. Pratt and Mr. Smith and that Mr. Walsh was acting for Mr. Crawford in the handling of the supplementary agreement during the absence of Mr. Crawford.

That notice to an attorney of any matters relating to the business in which he is engaged in business for his client is presumed to be notice to the client is established by the following cases: *Bierce* v. *Red Bluff Hotel Co.*, 31 Cal. 160; *Rauer* v. *Hertweck*, 175 Cal. 278 [165 Pac. 946]; *Bogart* v. *George K. Porter Co.*, 193 Cal. 197 [223 Pac. 959, 31 A. L. R.

1045]; *Atkinson* v. *Foote,* 44 Cal. App. 149 [186 Pac. 831]; *Gaver* v. *Early,* 58 Cal. App. 725 [209 Pac. 390].

As to the second point urged by appellant, that is, the right of a landlord in an unlawful detainer action to collect rentals during the period of time a receiver is in charge of the premises, we are of the opinion that the appeal before us being on foreclosure of a chattel mortgage and not as to the unlawful detainer, that question is not properly before us. This point applies to the discussion of rulings and evidence in the unlawful detainer action, the record of which, however, is not before the court. There is nothing before us upon which we could base an opinion.

For the reasons heretofore given, therefore, the judgment herein should be affirmed and it is so ordered.

Thompson, J., and Plummer, J., concurred.