[Civ. No. 12380.   Second Appellate District, Division Two.—February 5, 1940.]

ALICE MORTIMER, Appellant, v. GEORGE D. B. YOUNG et al., Respondents.

Y. B. Arsen for Appellant.

George W. Zent for Respondents.

WOOD, J.—Plaintiff commenced this action to recover damages alleged to have been caused by the fraud of defendants Rodes and Young. The trial court rendered judgment of nonsuit in favor of defendant Young and a jury returned a verdict against defendant Rodes in the sum of $3,210. Thereafter the court granted the motion of defendant Rodes for a new trial "on the ground of insufficiency of the evidence and other grounds". Plaintiff has appealed from the judgment and nonsuit and from the order granting a new trial.

The action was tried upon the second cause of action of the complaint, wherein it is alleged that plaintiff was the owner of a parcel of real estate in Inglewood of the value of $4,000; that defendant Young was the owner of a rooming house on Bronson Avenue in the city of Los Angeles which had been listed for sale with Rodes as the agent of Young for the full purchase price of $9,000 out of which Young agreed to pay Rodes a commission; that Rodes falsely stated to plaintiff that the owner of the Bronson Avenue property would not take less than $12,000 for the premises; that the actual value of the Bronson Avenue property was only $6,000 and that the two defendants conspired to deceive and defraud plaintiff; that defendant Rodes assured plaintiff that the Bronson Avenue property was yielding a monthly income of $200 per month whereas it was yielding less than $75 per month; that an exchange of the two properties was effected whereby plaintiff paid for the Bronson Avenue property the sum of $12,000,

one-half in cash and one-half by a note and trust deed on the Bronson Avenue property.

It appears from the evidence that three brokers were involved in the transaction. These brokers were defendant Rodes, H. J. Provencher and J. A. Faucher. They had offices together, Faucher testifying that although he was an "independent broker" he was working out of the office of Rodes on a commission basis. To the question, "What was your arrangement with Mr. Rodes," Faucher replied, "I was working on 60–40 per cent". It is claimed by plaintiff that Rodes and Provencher were partners but the court erroneously prevented plaintiff from proving the relationship between them.

Plaintiff's business affairs with Rodes began in September, 1927. A transaction contemplated at that time was not completed. Plaintiff told Rodes of her Inglewood property, which, after Rodes inspected it, was listed with him for sale or exchange.

The Bronson Avenue property was brought to the attention of Rodes by Faucher, who testified, "I told him I had this property for sale at $9,000". Defendant Young had prepared a printed list of properties for sale, including the Bronson Avenue property. Mr. Faucher testified that he knew the property only from the printed list he had received months before and that it was necessary for him to telephone to Young to learn if the property was still for sale. Faucher took Provencher to see Young on November 15, 1937, and on the same day Young gave Provencher an option to purchase the property for the sum of $9,000, out of which he agreed to pay brokers' commissions in the sum of $600, having been informed that there were three brokers in the transaction. Provencher testified that he "listed" the property for sale with Rodes on the same day at "$12,000 on trade or submit". On November 15, 1937, Rodes informed plaintiff that he had the Bronson Avenue property to trade for her Inglewood property. Thereafter plaintiff, with Rodes and Faucher, inspected the Bronson Avenue property and plaintiff signed a written offer to exchange her Inglewood property and the sum of $8,000 for the Bronson Avenue property. The name of Young appears in the prepared contract signed by plaintiff but it does not appear that Young signed it. The transaction was later completed by escrow instructions in

which plaintiff made the exchange with Provencher named as the owner of the Bronson Avenue property. In the final transaction plaintiff received the Bronson Avenue property in exchange for the Inglewood property, giving a trust deed on the Bronson Avenue property in the sum of $6,000 and the sum of $2,000 in cash, less a small discount which is of no consequence in this discussion. Rodes was named as grantee in the deed from plaintiff. Thereafter Rodes borrowed from Young the sum of $2,000, giving the Inglewood property as security, and later sold the Inglewood property to another party.

Plaintiff testified that Rodes told her that the sum of $12,000 was "Mr. Young's price and he won't take a cent less". Rodes testified that he told plaintiff that he had the property "listed for sale for $12,000, or exchange".

■ The court did not err in granting defendant Young's motion for a nonsuit. For aught that appears in the evidence Young was dealing with all the parties concerned at arm's length. He printed a list of his properties for distribution to prospective purchasers and thereafter was approached by a broker who was told his selling price. Upon being informed that there were three brokers he agreed to allow $200 commission for each of the three brokers. The fact that he gave one of the brokers an option, for which he received the sum of $10, does not establish a conspiracy between him and any of the three brokers. Young did not personally meet either Rodes or plaintiff until after the transaction was completed. He received nothing for his property over and above the price he had placed upon it. There is no proof that he derived any advantage from the fraud which plaintiff alleges was practiced upon her.

■ A more serious question is presented by the appeal from the order granting the new trial. Notwithstanding the court's error in excluding proof of the relationship between Rodes and Provencher, the record furnishes abundant proof of fraud on the part of Rodes; but we are confronted with the well-established rule that, where the evidence is conflicting, in passing upon the sufficiency of the evidence to sustain a verdict a broad discretion is placed in the trial judge. It is his duty to weigh the evidence and if satisfied that it is insufficient he may grant a new trial. The action of the court in granting a new trial for insufficiency of the evidence will

not be disturbed on appeal unless there has been a manifest abuse of discretion. (*Gordon* v. *Roberts*, 162 Cal. 506 [123 Pac. 288].) The record before us discloses a substantial conflict in the evidence on several material matters. Moreover, defendants cite numerous instances in which counsel for plaintiff was guilty of misconduct, especially in bringing before the jury evidence which had been properly excluded by the court. The trial court is in a better position than the reviewing court to decide the prejudicial effect, if any, a litigant suffers by reason of misconduct of counsel.

An additional reason for denying a reversal of the order is found in the unsatisfactory condition of the evidence on the subject of the amount of damages suffered by plaintiff. An expert witness for defendant testified that plaintiff's property was of the value of $2,100 but plaintiff presented no evidence whatever to establish the value of her property. Defendant's expert witness testified that the Bronson Avenue property was of the value of $10,065 but plaintiff's expert witness testified that this property was of the value of $6,500. One defrauded in the exchange of property is entitled to recover "the difference between the actual value of that with which the defrauded person parted and the actual value of that which he received, together with any additional damage arising from the particular transaction". (Civ. Code, sec. 3343.) All presumptions are in favor of the regularity of the order appealed from and we must presume that the court had the matter of damages in mind when it made its order. (*Parker* v. *Brown*, 13 Cal. App. (2d) 501 [57 Pac. (2d) 183].) There was manifestly a substantial conflict in the evidence on the issue of the amount of damages suffered by plaintiff, and there being no showing of an abuse of discretion, this court may not reverse the order of the trial court. (*Koyer* v. *McComber*, 12 Cal. (2d) 175 [82 Pac. (2d) 941].)

The judgment and the order granting a new trial are affirmed.

Moore, P. J., and McComb, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 29, 1940.