[Civ. No. 6729. Third Dist. June 5, 1942.]

STEVE RASTELLI et al., Appellants, v. ZACA MINING CORPORATION (a Corporation), Respondent.

Ayres, Gardiner & Pike and H. R. Cooke for Appellants.

Platt & Sinai, Sidney W. Robinson and Theodore G. Elges for Respondent.

THE COURT.—This is an appeal from an order setting aside a sale of property made after foreclosure of a mortgage.

On April 1, 1939, respondent borrowed $9,000 from appellants and gave them a promissory note secured by an instrument designated a "Real and Chattel Mortgage." The

property was listed therein under two heads. Under the heading of "Real Property" twenty-six mining claims were described. Under the heading of "Personal Property" appeared the following: "All buildings, and improvements located on the above described property or that may hereafter be erected thereon, together with all and singular the appurtenances, hereditaments, water and water rights, pipes, flumes or ditches thereunto belonging, or in anywise appertaining, and the reversion and reversions, remainder and remainders, the rents, issues and profits thereof, including the mill thereon, or other machinery or equipment now to be found in or about said property, a partial list of which will be found in the inventory hereto attached and marked Exhibit A. . . . To Have and to Hold all and singular the said premises, together with the appurtenances and personal property hereinabove set forth." In Exhibit A were listed numerous tools and other articles such as are commonly used in working lode claims. This instrument was executed with all the formalities required of both real and chattel mortgages.

On June 17, 1941, appellants commenced an action to foreclose the mortgage. The complaint contained no allegation characterizing the property as either real or personal but a copy of the mortgage was attached as an exhibit and made a part thereof by reference. Respondent answered, admitting the allegations of the complaint, and set up a counterclaim. No findings appear in the record but it is conceded that the court found against respondent on its counterclaim and that there was no express finding as to the character of the property as realty or personalty.

The decree was in the usual form for the foreclosure of mortgages of real property and all the property mentioned therein was listed together, without segregation of any kind, and was referred to as "the *lands and premises* directed to be sold." (Italics added.) The sheriff was directed to sell "so much thereof as may be sufficient to raise the amount due to the plaintiffs . . . and which may be sold separately without material injury to the parties interested . . . in the manner prescribed by law, and according to the course and practice of this Court" and "after the time allowed by law for redemption has expired, to execute a deed to the purchaser or purchasers of the mortgaged premises." There appears to have been no separate order of sale but no point is made because of this departure from the usual practice.

On December 3, 1941, that portion of the property which had been listed in the mortgage under the heading of "Personal Property" was sold by the sheriff for $500 after he had given notice in the manner prescribed for the sale of personalty.

On January 24, 1941, respondent moved to set aside said sale, the motion being made upon the grounds that the property had not been sold as required by law and the decree of the court and that the "price received was shockingly out of proportion to the true value of the property sold." After an extended hearing, the court found that the value of the property sold was not less than $10,000; that by virtue of the provisions of section 2601 of the Public Resources Code the property sold was realty and was not sold according to law and the decree of foreclosure. An order was thereupon made setting aside the sale.

Appellants earnestly contend that the sale was conducted in strict compliance with the law for the reason that the property sold by the sheriff was described in the mortgage as personal property; that said instrument was executed as required for both real and chattel mortgages; that notwithstanding the provisions of section 2601, *supra,* that "sluice-boxes, flumes, hose, pipes, railway tracks, cars, blacksmith shops, and all other machinery or tools used in working or developing a mine, are to be deemed affixed to the mine" the parties to a mortgage may, as between themselves, change the character of such property to personalty; and that the recitals in such mortgage are conclusive as to the character of such property.

But the foregoing argument ignores the fact that upon foreclosure of a mortgage the latter becomes merged in the decree, following which the terms of the decree govern the rights of the parties. (*Hales* v. *Snowden,* 40 Cal. App. (2d) 801 [105 P. (2d) 1015]; *Rose* v. *Conlin,* 52 Cal. App. 225 [198 Pac. 653]; *Trunnell* v. *Tonole,* 104 Ore. 628 [208 Pac. 583]; 18 Cal. Jur. 471), and that the officer making a sale of property after foreclosure of a mortgage acts under the decree and order of sale—the decree here is treated as both—and his authority is purely administrative. (*Spaulding* v. *Howard,* 121 Cal. 194 [53 Pac. 563].) It is not his function to interpret the mortgage, and whether correct or not, the decree and the code sections applicable thereto are controlling as to the manner of sale and as to the rights of the parties. If the court has fallen into error in the making of the decree that

error may be corrected by motion or by appeal, whichever is appropriate under the circumstances, but it cannot be done by an administrative officer directed to act under it.

As we have already pointed out, the decree in the instant case was clearly one for the foreclosure and sale of real property. The property was described as "lands and premises" and the directions for the sale referred to the right of redemption and the execution of a deed. Nothing contained therein even intimated that personal property was involved. Considering that twenty-six mining claims and mining equipment were ordered sold, the direction that a portion "may be sold separately" was not inconsistent with a sale of realty. It may be conceded that it was not necessary for the decree to provide for a right of redemption or the giving of a deed; but such directions, when considered with the other terms of the decree, indicated clearly that the court intended to order the sale of realty and the essential fact is that when the decree so described the property it was the duty of the sheriff to sell in accordance with the code sections governing sales of real property.

█ We are not concerned here with the problem of determining whether or not the decree was correct or what powers the trial court had to correct it if it was erroneous. No motions were made in the court below for that purpose and no appeal was taken from the judgment. The court had jurisdiction of the parties and of the subject-matter of the action. Although no express issue was made as to the character of the property, the question was germane to the subject involved. The court was called upon to interpret the mortgage, to order a sale and to determine for the sheriff whatever facts were necessary for that officer, acting in a ministerial capacity, to carry out the terms of the order. Under such circumstances we must accept the decree as we find it; it cannot be collaterally attacked on this appeal from the order setting aside the sale. (2 Cal. Jur. 837.)

█ On the hearing of the motion the court found, upon conflicting evidence, that the property sold for $500 was worth not less than $10,000. It has been held many times that gross inadequacy of price, when coupled with even slight irregularities in the making of the sale, is sufficient to warrant the court in vacating such a sale. (*Sargent* v. *Shumaker,* 193 Cal. 122 [223 Pac. 464]; *Bock* v. *Losekamp,* 179 Cal. 674 [179 Pac. 516]; *Rauer* v. *Hertweck,* 175 Cal. 278 [165 Pac. 946];

*Winbigler* v. *Sherman,* 175 Cal. 270 [165 Pac. 943]; *Odell* v. *Cox,* 151 Cal. 70 [90 Pac. 194].) The reason for applying the rule to the instant case is more compelling than in cases of slight irregularity, for here there was a complete failure to follow the directions of the decree and order in the matter of giving notice. Under the terms of the decree respondent had a right to believe that its right of redemption would be protected and it was seriously injured when that right was cut off by a sale of the property as personalty.

The order is affirmed.