[Civ. No. 13065. Second Dist., Div. Three. July 8, 1942.]

ALICE MORTIMER, Respondent, v. GEORGE D. B. YOUNG et al., Defendants; L. E. ALIMISIS (Applicant for Substitution as Party Plaintiff), Appellant.

L. E. Alimisis in pro. per., for Appellant.

Y. B. Arsen for Respondent.

SHAW, J. pro tem.—Plaintiff brought this action against the defendants Young and Rodes and obtained judgment

against Rodes, but was nonsuited as to Young. The trial court then granted a new trial to Rodes. Plaintiff appealed from the judgment of nonsuit and the order granting a new trial. Both were affirmed and the defendants were awarded their costs of that appeal. (See *Mortimer* v. *Young*, (1940) 37 Cal. App. (2d) 164 [98 P. (2d) 1061].) The defendants had execution issued on their judgment for costs of appeal and levied it on the plaintiff's causes of action in this action by service of the execution and notice upon plaintiff and the county clerk. Following this levy the causes of action were sold to L. E. Alimisis, the appellant on the present appeal. Alimisis made a motion to be substituted as plaintiff herein and plaintiff made a counter motion to vacate the execution sale. Orders were made granting the plaintiff's motion and denying that of Alimisis, from which the latter appeals.

The grounds of plaintiff's motion to vacate the sale, as stated in the notice thereof, were "that said sale was optained by fraud, misrepresentations, of the defendants and that no notice of such or any sale was ever given or served upon the plaintiff and that the plaintiff have had no information or knowledge or said sale or any sales of plaintiff's interests in said action, and for the further ground that said sale is oppressive, totally inadequate and inequitable." The motion was supported by plaintiff's affidavit that she had no notice of the sale until after it occurred and hence was not present. This fact does not show irregularity or unfairness. Under the provisions of section 692a of the Code of Civil Procedure she might have required notice of the sale to be given to her by registered mail, but her affidavit does not show that she did this. Unless she so demanded notice, no obligation rested on anyone to give her such notice, and her lack of it is no ground for vacating the sale, especially where a stranger to the proceedings is the purchaser. (*Rauer* v. *Hertweck*, (1917) 175 Cal. 278, 282 [165 Pac. 946]; *Bock* v. *Losekamp*, (1919) 179 Cal. 674 [179 Pac. 516].)

Plaintiff now defends the orders appealed from on the rule laid down in *Odell* v. *Cox*, (1907) 151 Cal. 70, 74 [90 Pac. 194], that while an execution sale will not be set aside for mere inadequacy of price, yet "where the inadequacy is palpable and great very slight additional evidence of unfairness or irregularity is sufficient to authorize the granting of the relief sought." The difficulty with plaintiff's argument is that the factors necessary to the application of this rule do

not appear here. Plaintiff sued to recover damages for fraud and recovered on the first trial $3,210 from defendant Rodes. The new trial was granted for insufficiency of the evidence, and there was evidence tending to show that plaintiff suffered little damage, even if defrauded. The causes of action sold for $110. This is doubtful, as a showing that the price was grossly inadequate. But if it can be regarded as sufficient for that purpose, yet there was no evidence at all of unfairness or irregularity. On the contrary, it appears that advance notice of the sale was sent to plaintiff, in the manner provided by section 692a of the Code of Civil Procedure, above cited, although legally she was not entitled to it, and that it failed of its purpose only because she was absent from home and for that reason did not receive it in time. During the hearing plaintiff's counsel expressed a desire to become a witness and testify to certain facts which he now urges upon us as if they showed fraud or unfairness. He did not in fact testify at all. If the facts stated by him as those to which he would testify are to be regarded as before the court, they were merely that "some time in September" (the execution sale was on September 23) defendants' counsel called him by telephone and said, "Say, are you going to pay this judgment or not?" to which plaintiff's counsel replied, "Oh, why don't you wait until the case comes on for trial?", this being "very soon," and then defendants' counsel said, "No, I think you had better pay this judgment," to which plaintiff's counsel said, "Well, I think I can get in touch with my client and get the money for you. You are entitled to the judgment." Plaintiff's counsel tried to notify his client but failed to reach her. He did not say he communicated this fact to opposing counsel or asked for further time to pay. Nothing fraudulent or unfair appears here. Apparently defendants' counsel tried to get payment without execution, but failing in that and hearing nothing more from plaintiff's counsel, proceeded with an execution sale. The conversation as reported does not show any obligation resting on defendants' counsel to delay or to give further notice of his action in the matter.

One of the reasons urged on the trial court for granting the plaintiff's motion to vacate the sale was that her cause of action here was not subject to sale on execution, in support of which *Sunset Realty Co.* v. *Dadmun*, (1939) 34 Cal. App. (2d) (Supp.) 733 [88 P. (2d) 947], was cited, and this argument appears to have been given much weight by that court. The case at bar, however, is distinguishable from that just

cited, and from the various other decisions therein cited and relied on, in that all of them concerned "debts," upon which levy had been made by giving notice to the persons owing the debts, and it was held that such debt, or in some of the cases the judgment evidencing it, could not be sold on execution. The mode of levy above mentioned is commonly called a garnishment, and it is limited in its application, by the terms of subdivision 6 of section 542 of the Code of Civil Procedure, to "debts." A cause of action for a tort, not reduced to judgment, is not a debt, within the meaning of such a statute. (*Johnson* v. *Lamping*, (1867) 34 Cal. 293, 299; *Arp* v. *Blake*, (1923) 63 Cal. App. 362, 372 [218 Pac. 773]; see, also, note in 93 A. L. R. 1088; 28 C. J. 137.) ■ In the case at bar the plaintiff's cause of action was for a tort, and the levy was made by notifying, not the supposed debtor, but the plaintiff herself. On these facts the case is substantially like *Everts* v. *Will S. Fawcett Co.*, (1937) 24 Cal. App. (2d) 213 [74 P. (2d) 815], where it was held that a cause of action for tort may be levied upon and sold on execution and that the proper mode of levy is that resorted to here, that is, a notice given to the person asserting the tort claim as owner thereof. This, the court held, is in accordance with the provisions of section 542 of the Code of Civil Procedure that a levy on property not capable of manual delivery, other than a debt, is to be made by giving notice to the person having such property "in his possession, or under his control," that person being, in the case of a cause of action, the plaintiff who is suing on it. ■ A cause of action for tort is, as held in the case last cited, a "thing in action." It is therefore within the provision of section 691 of the Code of Civil Procedure for "selling the things in action" of the judgment debtor on execution. We see no good reason for refusing to follow *Everts* v. *Will S. Fawcett Co., supra.* It is plainly applicable here, and the case of *Sunset Realty Co.* v. *Dadmun*, (1939) *supra,* 34 Cal. App. (2d) (Supp.) 733, on which plaintiff relied below, distinguishes itself from the Everts case on the ground that in the Dadmun case the attempted levy was on a debt. The 1941 amendment of section 688 of the Code of Civil Procedure, providing that "no cause of action nor judgment as such, shall be subject to levy or sale on execution," took effect after the sale in question and is not applicable here. Under it, apparently no such case can arise in the future.

■ The sheriff's return shows that after satisfying the judg-

ment and costs he had a surplus of $4.87, which he paid to plaintiff, and apparently she still has it. If the court should on further proceedings again vacate the sale, it should require plaintiff, as a condition of relief, to return this amount to the purchaser. (*Stanley* v. *Westover*, (1928) 93 Cal. App. 97, 110 [269 Pac. 468].)

The orders appealed from are reversed and the cause is remanded for such further proceedings as the parties may be advised to take on the respective motions.

Schauer, P. J., and Shinn, J., concurred.