**AGAT BOAT SHOP, INC., Plaintiff**

v.

**ASAN BLASTING CO., et al., Defendants**

Civil Case No. 380-78

Superior Court of Guam

June 28, 1979

**ABBATE,** *Presiding Judge*

### DECISION AND ORDER

This matter came before the Court on the defendant Asan Blasting Co.'s Motion to Dismiss and Order of Dismissal. Duncan McCully appeared on behalf of the defend-

ant Asan Blasting Co. and Edward Arriola represented the plaintiff Agat Boat Shop, Inc. The motion was heard before the Honorable Paul J. Abbate on May 24, 1979, and decision was reserved.

The defendants seek a dismissal of Civil Case No. 380-78. That suit was filed against them by the plaintiff, Agat Boat Shop, Inc. The suit consists of two causes of action. In the first cause of action the plaintiff prays for $658,000 in general and punitive damages for the alleged intentional destruction of his property by the defendants. The plaintiff, in the second cause of action, prays for $54,000 in general and special damages plus costs of the suit for the alleged unlawful withholding, by the defendants, of the plaintiff's property.

The defendants were assigned a judgment recovered by the assignor, Calvo Finance Corporation, against the Agat Boat Shop, Inc. (plaintiff in the present suit) in the Superior Court of Guam, Civil Case No. 922-77, for the sum of $16,020.00. Subsequently, a writ of execution was issued and the defendant (the highest bidder) purchased at an execution sale of the chose in action the present cause factors of the plaintiff for the sum of $6,000.00. Thereafter, defendants stipulated that the Court dismiss the cause of action.

The general rule is that a chose in action may not be levied upon by a writ of execution. It is recognized, however, that a legislature may adopt statutes contra to the general rule. 30 Am.Jur. 2d 517–518.

Guam has adopted the prior California § 688 of the Code of Civil Procedure. This Section, § 688 of Guam's Code of Civil Procedure, refers to property liable to execution. Since Guam courts have not made relevant interpretation of § 688 we turn to California's interpretation of its prior § 688 to determine whether a chose in action shall be subject to levy or sale on execution.

A revelant 1937 California case says that "the causes of action were things in action and were assignable and being personal property of a kind which was not specifically made exempt from execution, and also being not capable of manual delivery, they could be sold on execution under § 688 of the Code of Civil Procedure." *Everts v. Fawcett (Will S.) Co.*, 24 C.A.2d 213, 74 P.2d 815 (1937).

A later case, still under the prior § 688, which dealt with the same issue, also determined that a chose in action may be levied upon and sold on execution. *Mortimer v. Young*, 53 C.A.2d 317, 127 P.2d 950 (1942).

■ It is apparent that under California's prior § 688, upon which Guam's § 688 is based, a chose in action may be levied upon and sold on execution. Accordingly, the Court finds that the same interpretation be given to § 688 of Guam's Code of Civil Procedure. Moreover, § 691 (execution, service of writ) specifically refers to "things in action". As it was determined in *Everts* and *Mortimer*, a cause of action for tort is a thing in action. "It is therefore within the provision of § 691 of the Code of Civil Procedure (California and Guam's § 691 are identical) for the selling of the 'things in action' of the judgment debtor on execution." *Mortimer*, supra.

For the aforementioned reasons, the defendants Motion for Dismissal is GRANTED.

SO ORDERED.