[Civ. No. 330. First Appellate District.—February 8, 1907.]

F. A. ELLIOTT, Administrator of Estate of ADA M. HUDSON, Deceased, Respondent, v. CHARLOTTE K. CLARK, Special Administratrix of Estate of GEORGE HUDSON, Deceased, Appellant.

ENFORCEMENT OF TRUST—COMPLAINT—DEATH OF PARTIES—LACHES BARRING ACTION—GENERAL DEMURRER.—In an action by the administrator of a deceased wife against the administratrix of the deceased husband to enforce a trust, where the complaint shows that the trust arose out of a transaction occurring more than forty-five years before the action was begun, that there was no accounting between the parties, that an accounting would involve purchases and sales extending through more than forty-five years, and after their death, it is manifest that the court cannot do complete justice at so late a day, such laches appears upon the face of the complaint as to bar any right of action, and the defense thereof may be raised by general demurrer to the complaint, which it was error to overrule.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

M. C. Hassett, and D. H. Whittemore, for Appellant.

Wm. H. Chapman, and R. F. Mogan, for Respondent.

HALL, J.—Plaintiff, as administrator of the estate of Ada M. Hudson, deceased, brought this action against Charlotte K. Clark, as special administratrix of the estate of George Hudson, deceased, to obtain a decree that certain real property, the legal title to which was in said George Hudson at the time of his death, was acquired and held by him in trust for Ada M. Hudson, and for her estate since her death, and for an accounting of the rents, issues and profits of said property. Defendant demurred to the complaint on the ground that the complaint did not state facts sufficient to constitute a cause of action. The court overruled the demurrer, and defendant now urges that the court erred in so doing, and we think this contention must be sustained.

The real point of the demurrer is that the complaint upon its face shows such laches on the part of plaintiff and his intestate as to bar any right of action upon the matters set forth as plaintiff's cause of action. That this defense may be raised by general demurrer to the complaint where the laches is apparent upon the face of the complaint is well settled in this state. (*Kleinclaus* v. *Dutard,* 147 Cal. 245, [81 Pac. 516] ; *Bell* v. *Hudson,* 73 Cal. 285, [2 Am. St. Rep. 791, 4 Pac. 791].)

This action was commenced on the sixteenth day of June, 1899. It is alleged in the complaint that Ada M. Hudson and George Hudson intermarried on the twenty-first day of December, 1853, and continued to be husband and wife until the death of Ada M. Hudson, which occurred on the seventeenth day of May, 1897. George Hudson died March 12, 1898. It is further alleged that prior to the said marriage Ada M. Hudson did deliver to George Hudson the sum of about four thousand dollars to be invested for her by him. That he did, on the twenty-first day of November, 1853,

purchase a certain piece of real estate, and as a part of the purchase price thereof paid the said $4,000, but took the title thereto in his own name. That he thereafter sold said property for $13,000, and, with the consent of the said wife, invested the proceeds in real estate, and thereafter in various ways invested her money so that when he died he held in his own name several described pieces of real property. It is alleged: "That as a portion of the consideration for the conveyance to him of all of said real property so owned by him at the time of his death, the said George Hudson did pay and deliver the said moneys, and the accumulations thereof, of said Ada M. Hudson so delivered to him by said Ada M. Hudson in trust to invest the same for her use and benefit." In other words, it is charged that a portion of the property held by George Hudson, at the time of his death, was purchased with proceeds arising from the $4,000 delivered to him by Ada M. Hudson in 1853.

It is further alleged that neither said George Hudson nor the defendant ever rendered an accounting "of such moneys received by said George Hudson as aforesaid."

It is thus seen that plaintiff is endeavoring to obtain the aid of a court of equity to establish and enforce a trust and claim growing out of a transaction that occurred more than forty-five years before the bringing of the action, the action being brought after both parties to the original transaction have died.

We think the facts set forth in the complaint bring this case within the rule laid down in *Kleinclaus* v. *Dutard*, 147 Cal. 245, [81 Pac. 516], where the defense of laches, raised by demurrer to a complaint to enforce an alleged trust growing out of a transaction thirty-five years old was sustained. In this latter case the suit was brought by the brother and sister of Hypolite Dutard, and the administratrix of the estates of the father and mother of said Hypolite Dutard, against the executors of the will of said Dutard. It was alleged that on the death of the father of said Dutard in 1865 he took possession and charge of a produce business of the father, in trust to manage and conduct the same for the benefit of his mother, brothers and sisters and himself. He managed the business until the death of the mother in 1875, and then again repeated his promises to manage and conduct the business and property for the benefit of his brothers and

sisters and himself. It was expressly alleged that "he never denied or repudiated said trust or his said agreements and promises, but always kept and lived up to them"; that "he did always—from his father's death until his death—admit and acknowledge his said promises, and that he always promised to account and pay over the respective shares whenever the same were demanded." It was also in terms alleged that he had never accounted or paid over to any of the beneficiaries anything except that he had in part supported his mother during her life. It appeared that from the proceeds of the original business Dutard accumulated a large fortune. It was held that a court of equity in such a case should refuse to entertain the action by reason of the laches of plaintiffs. It was there said: "Following the maxim that equity aids the vigilant and not those who slumber on their rights, it has been universally declared that only conscience, good faith and reasonable diligence can call a court of equity into activity, and that, entirely independent of any statutory period of limitations, stale demands will not be aided where the claimant has slept upon his rights for so long a time, and under such circumstances as to make it inequitable to enter upon an inquiry as to the validity thereof. Where such is the condition the demand is, in a court of equity, barred by laches. . . . The doctrine of laches may be invoked in every class of cases, even in the case of an express trust."

In the case at bar the alleged trust arose out of a transaction occurring more than forty-five years before the bringing of the action, which was brought after both parties to the original transaction were dead. The alleged trust arises out of the investment of $4,000 belonging to Ada M. Hudson, who was then Mrs. Elliott, in a piece of property bought by George Hudson in his own name, and the entire purchase price of which is not given in the complaint. It is simply alleged that the $4,000 was paid "as part of the purchase price of the said real property." If this were true, a resulting trust arose in favor of Ada M. Hudson to an interest in said property in the proportion that $4,000 bore to the entire purchase price of the property.

It is next alleged that the property was subsequently sold for $13,000, and the proceeds of such sale again invested by said George Hudson. Under the allegations of the complaint

some part of that $13,000 was presumptively the property of George Hudson.

It is next alleged that George Hudson in various ways did invest the money of Ada M. Hudson, and was at the time of his death the owner of five several pieces of land, a portion of the purchase price of which was paid out of the money delivered by her to him, and the accumulations thereof.

From the whole complaint it is apparent that the court could only arrive at the respective rights of the parties by going into an investigation of the particulars of purchases and sales of property covering a period of over forty years. Both parties to the original transaction, out of which plaintiff's alleged claim arose, being dead, it is manifest that it would be practically impossible for a court at this late day to do complete justice. This is a ground for a court of equity to refuse relief. (Story's Equity Jurisprudence, sec. 1520a; *Kleinclaus* v. *Dutard,* 147 Cal. 245, [81 Pac. 516]; 18 Am. & Eng. Ency. of Law, 105.)

We think the complaint upon its face shows such laches as to bar any right of action in plaintiff, and the demurrer should have been sustained. The conclusion to which we have come on this point makes it unnecessary to discuss the question as to the sufficiency of the evidence to sustain the findings of the court.

The judgment and order are reversed and the cause remanded, and the court directed to sustain the demurrer.

Cooper, P. J., and Kerrigan, J., concurred.