[Civ. No. 582.   Third Appellate District.—July 10, 1909.]

F. A. ELLIOTT, as Administrator of Estate of ADA M.
HUDSON, Appellant, v. JEANNETTE W. BUNCE, Ad-
ministrator of Estate of GEORGE W. HUDSON, De-
ceased, Respondent.

ACTION TO ENFORCE TRUST—LACHES SHOWN BY COMPLAINT—DEMURRER
—DECISION UPON FORMER APPEAL—LAW OF CASE.—In an action to
enforce a trust in favor of the estate of a deceased wife against
the estate of a deceased husband, where the complaint shows on
its face that the claim is stale in equity, the decision on a former
appeal that a general demurrer to the complaint should have been
sustained is the law of the case upon a second appeal involving the
same rule of demurrer as to a stale demand in equity, where the
cause of action is the same, and no excuse is shown for the laches,
notwithstanding the nature of the trust is more specifically alleged.

ID.—SAME QUESTION OF LACHES INVOLVED—DISTINCTION AS TO NATURE
OF TRUST IMMATERIAL.—Where the same question of laches upon
the face of the complaint is presented upon the second appeal, there
is no material distinction between a complaint to enforce a trust
*pro tanto* upon the former appeal and an amended complaint setting
forth a trust in favor of the deceased wife as to all the funds of
the deceased husband, and the setting forth of a chain of title
thereto appearing upon the present appeal, no excuse for the ap-
parent laches being presented.

ID.—THEORY OF STALE DEMANDS IN EQUITY—DEATH OF PARTIES IN-
DUCEMENT TO PERJURY AND INJUSTICE—SOUND POLICY.—Equity
does not proceed in its theory of stale demands upon the supposed
impossibility of tracing trust funds, but that it looks with disfavor
upon suits involving stale transactions extending over a long period
of years because after the death of the parties testimony can be
so easily fabricated, and there is such strong inducement to perjury,
and such peril of injustice is involved to those whose lips are sealed
by death, that it is deemed contrary to sound policy to investigate
the case.

ID.—CORRECT DECISION SUSTAINING DEMURRER TO AMENDED COMPLAINT.
*Held*, the court correctly sustained the demurrer to the amended
complaint, on the ground of laches appearing upon the face of the
complaint, not only on the ground of the law of the case, but also
because it is just, and because there is added reason for holding
that now, after fifty-five years since the original transaction, no
trial should be had of plaintiff's stale demand.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Geo. A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

R. F. Mogan, and Mastick & Partridge, for Appellant.

M. C. Hassett, for Respondent.

BURNETT, J.—The facts of the case are stated by respondent substantially as follows: On December 21, 1853, Ada M. Hudson and George Hudson were married in the city and county of San Francisco and lived together as husband and wife until she died, May 17, 1897. He died March 12, 1898. On June 24, 1898, F. A. Elliott was appointed administrator of the estate of said Ada M. Hudson, deceased, and on June 16, 1898, Charlotte K. Clark was appointed special administratrix of the estate of said George Hudson, deceased. This action of *Elliott* v. *Clark* was begun on June 16, 1899, and on May 17, 1904, a judgment was rendered for plaintiff decreeing that a trust existed, and that the defendant held the whole property for the plaintiff as the administrator of the said estate of Ada M. Hudson, deceased. An appeal from the judgment was taken to the supreme court. The cause was transferred to the district court of appeal for the first district for hearing, and the special administratrix having died during the appeal, the present defendant was substituted. On February 8, 1907, said court of appeal rendered its decision reversing the judgment of the lower court and directing that an order be made sustaining the demurrer to the complaint on the ground that no cause of action was stated. The lower court acted accordingly, but permitted the plaintiff to file an amended complaint. A demurrer to this was sustained and, plaintiff declining to amend further, judgment was entered for the defendant, from which this appeal is taken by plaintiff.

It is not disputed that the ruling of an appellate court upon a point distinctly made upon a previous appeal becomes the law of the case and is conclusive between the same parties upon a subsequent appeal, from which the court cannot de-

part nor the parties relieve themselves.   Or, as stated in *Tally*
v. *Ganahl,* 151 Cal. 421, [90 Pac. 1050] : ''Where the Supreme
Court, in deciding the appeal, states in its opinion a principle
or rule of law necessary to the decision, that principle or rule
becomes the law of the case and must be adhered to through-
out its subsequent progress; both in the lower court and upon
a subsequent appeal and in any subsequent suit for the same
cause of action, and this although in its subsequent considera-
tion this court may be clearly of the opinion that the former
decision is erroneous in that particular. . . . It is a necessary
corollary of this doctrine that the former rule is not binding
upon the second hearing, except as to questions which involve
and are controlled by the same principle.''

There can be no doubt as to what rule or principle of law
was determined by the former decision in this cause.   The
court declares it as follows : ''We think the facts set forth in
the complaint bring the case within the rule laid down in
*Kleinclaus* v. *Dutard,* 147 Cal. 245, [81 Pac. 516], where the
defense of laches raised by demurrer to a complaint to en-
force an alleged trust growing out of a transaction thirty-five
years old was sustained. . . . From the whole complaint it is
apparent that the court could only arrive at the respective
rights of the parties by going into an investigation of the par-
ticulars of purchases and sales of property covering a period
of over forty years.   Both parties to the original transaction,
out of which plaintiff's alleged claim arose, being dead, it is
manifest that it would be practically impossible for a court
at this late day to do complete justice.   This is a ground for
a court of equity to refuse relief.   We think the complaint
upon its face shows such laches as to bar any right of action
in plaintiff, and the demurrer should have been sustained.''

Appellant seeks to escape the operation of the rule by
virtue of the contention that ''the decision of the District
Court of Appeal could only be justified upon the ground that
it appeared from the complaint that the original purchase was
made partly with the funds of Hudson and partly with the
funds of Mrs. Hudson. . . . But we make it apparent in the
amended complaint that Mr. Hudson had no interest in this
original property but that it was purchased entirely with Mrs.
Hudson's funds.   Moreover, the original complaint left it a
matter of speculation as to how the original funds were trans-

muted into the property sued for. The amended complaint, on the other hand, traces the funds through every piece of property until the death of Mr. Hudson. There is no difficulty whatever in doing exact justice if the allegations of the amended complaint are true." But it is clear that the cause of action is the same, and no additional fact is alleged to excuse or justify the delay in instituting the proceeding in question. There is no difference in principle between an action to recover the whole interest in property which is claimed to be the product of a trust fund and an action which seeks to charge said property *pro tanto* with a trust. In either case the purpose of the suit is to recover the proceeds of the money actually invested for the beneficiary. It is difficult, also, to understand how the more elaborate exposition in the complaint of the chain of title, or, in other words, the averment of unnecessary and evidentiary matter, affects in the slightest degree the question of laches.

It is manifest that in view of the rule as declared in the Kleinclaus case, *supra,* "that only conscience, good faith and reasonable diligence can call a court of equity into activity, and that entirely independent of any statutory period of limitation stale demands will not be aided where the claimant has slept upon his rights for so long a time and under such circumstances as to make it inequitable to enter upon an inquiry as to the validity thereof," the appellate court in the former decision of this cause determined that it would be inequitable to even enter upon an inquiry as to whether the purchase of certain property in 1853 by one George Hudson created a trust. Would it be any less inequitable because claimant demands the whole of the property instead of only a part, or because he sets out in the complaint gratuitously some of the evidence by which he seeks to support his claim?

Indeed, the argument of appellant seems to proceed upon the theory that equity declines to entertain such demands because of the difficulty encountered by claimants in tracing, to their own satisfaction, trust funds or in consequence of their reluctance in testifying to facts in support of their claim. The truth is, however, that equity looks with disfavor upon suits like the one before us, for the reason that testimony in support of the claim is so easily obtained and can be fabricated with such facility, and the circumstances afford such

strong inducement to commit perjury and involve such peril of doing injustice to those whose lips are sealed by death, that it is deemed against sound public policy to even investigate the cause.

Again, while the court in the former opinion went no further than to determine that the demurrer to the complaint should have been sustained, it really had before it in the record the testimony of plaintiff's witnesses disclosing substantially the additional matters set out in the amended complaint. As this testimony was admitted without objection, and treated by the parties as within the allegations of the complaint, and as the trial court found that all the property was charged with the trust, no doubt the appellate court, if it deemed them material, would have considered these additional matters as though constituting a part of the complaint.

If appellant, instead of amending his complaint by inserting the evidence received at the trial, had added some fact extenuating or justifying his delay, a different question, of course, would be presented.

We feel entirely satisfied that the said decision of the appellate court is not only the law of the case, but that it is just, and furthermore, that there is added reason for holding now, after fifty-five years since the original transaction, that no trial should be had of plaintiff's stale demand.

The judgment is affirmed.

Chipman, P. J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 7, 1909.