[S. F. No. 7227. Department Two.—June 7, 1917.]

EDWARD EWALD, Appellant, v. T. C. KIERULFF et al., as Executors of the Last Will of John Nightingale, Deceased, et al., Respondents.

ACTION TO ENFORCE TRUST—LACHES—DEMURRER.—In an action to enforce an express trust in real estate, the defense of laches may be raised by demurrer.

ID.—EXPRESS TRUST IN LAND—KNOWLEDGE OF REPUDIATION—UNREASONABLE DELAY IN BRINGING ACTION.—A complaint to enforce an express trust in land is demurrable on the ground of laches, where it appears therefrom, without any showing excusing the delay, that the plaintiff for forty-three years before bringing suit had known of the acts of the trustee constituting a repudiation of the trust, and was aware for the last thirty-three years of that period that the trustee or his representatives had been in a position to carry out the terms of the trust.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

Thomas V. Cator, for Appellant.

Mastick & Partridge, T. C. Kierulff, and H. F. Chadbourne, for Respondents.

MELVIN, J.—This action was brought against the executors of the will of John Nightingale, deceased. The heirs of said Nightingale were also made parties defendant. The original complaint was filed March 12, 1913. In due course an amended complaint was filed. Defendants demurred to

this pleading and their demurrer was sustained, and plaintiff refusing to amend within the time allowed by the court, judgment was accordingly entered in favor of defendants. The appeal is from this judgment.

By the amended complaint it is alleged that John Nightingale died about March 20, 1912, and the usual formal matters relating to the probate of the will and the proceedings thereunder are set forth. It is alleged that prior to 1870 plaintiff was the owner of certain lands in the city and county of San Francisco, among which were the parcels designated as "blocks Nos. 991 and 992 of Outside Lands;" that for certain reasons title to plaintiff's property was held for him by a trustee who was one of his kinsmen; that Nightingale and others owned similar outside lands separately and as tenants in common; and that prior to the year 1870, such owners, including plaintiff and Mr. Nightingale, agreed to a partition of their properties by lot so that segregated title in fee might be placed by proper conveyances in the names of the respective owners according to their interests. There are further allegations to the effect that John Nightingale, knowing that plaintiff was entitled to receive a conveyance on demand, in fee, of an undivided half interest in blocks Nos. 991 and 992, requested plaintiff to convey said interest to said Nightingale; that on December 17, 1870, plaintiff made, executed, and delivered his deed of conveyance as requested, and that said conveyance was made pursuant to an agreement which was later reduced to writing as follows:

"San Francisco, Dec. 19, 1872.

"Mr. Edward Ewald.

"The deed received by me from you dated 17 December, 1870, to the one undivided half of blocks numbers 991 and 992 of Outside Lands is given in trust to hold for me and for the object of partition, and when such partition is had you will be entitled to receive from me in an equal amount of land segregated and of equal value.

"John Nightingale."

The amended complaint contains further averments that plaintiff, fully relying upon the agreement, permitted the title in said blocks to become permanently vested in other persons; and that Nightingale, up to the time of his death, owned ample outside lands with which to satisfy plaintiff's claims under the trust, the partition of outside lands having

been completed before the year A. D. 1880, and Nightingale having received thereby segregated title to large quantities of such outside lands similar to the two blocks in which he had acquired plaintiff's interest. The prayer is that the executor and heirs of John Nightingale be required to make conveyance of a suitable part of such lands belonging to the estate in execution of the trust.

The only question argued in the briefs, and the only one necessary for consideration by this court, is whether or not the superior court was justified in sustaining the demurrer to the complaint on the ground of laches. Plaintiff contends that the basis of his action is an express trust in writing; and that while laches may operate as evidence to defeat the plaintiff's demand upon an issue of fact, lapse of time alone will not upon demurrer avail in an action based upon an express trust admitted by the demurrer to exist. In support of this doctrine counsel for plaintiff cites certain authorities from the state of New York; but whatever the rule may be in any other jurisdiction, it is well settled in California that the defense of laches may be raised by demurrer. In the case before us it appears by the affirmative averments of the complaint that the trustee was in a position to carry out the terms of his trust agreement at least as early as the year 1880, and that a decade earlier he had conveyed away all interest in the two blocks of outside lands numbered 991 and 992. There is no statement that plaintiff was ignorant of either of these facts, and under an elementary rule of pleading we must assume that he had knowledge of them. Plaintiff having known for forty-three years that Mr. Nightingale had divested himself of all title to the two lots and by so doing had violated and repudiated the trust, and having been aware for at least thirty-three years that the said Nightingale or his representatives had been in a position to carry out the terms of the trust, was bound to plead, if he could, on seeking relief in a court of equity, circumstances showing good faith and reasonable diligence on his part. The burden was upon plaintiff to explain if he could, his long-continued acquiescence in acts hostile to his claim. This he did not do, and it was therefore perfectly proper to sustain the demurrer on the ground of laches, a defense which, under an unbroken line of authority in California, may be raised by demurrer. (*Bell* v. *Hudson,* 73 Cal. 285, [2 Am.

St. Rep. 791, 14 Pac. 791]; *Kleinclaus* v. *Dutard,* 147 Cal. 245, [81 Pac. 516]; *Elliott* v. *Clark,* 5 Cal. App. 8, [89 Pac. 455]; *Elliott* v. *Bunce,* 10 Cal. App. 741, [103 Pac. 897]; *Emerson* v. *Kennedy Mining & Milling Co.,* 169 Cal. 718, [147 Pac. 939].)

The judgment is affirmed.

Henshaw, J., and Lorigan, J., concurred.