[Civ. No. 5650. Third Appellate District.—December 15, 1936.]

RICHARD H. MALONE, Appellant, v. J. WILLIAM CLISE, Respondent.

J. Alfred Ritter, William H. Malone and Leo B. Ward for Appellant.

Kibbey, Cooper & Dulin for Respondent.

PULLEN, P. J.—This is an action for an accounting of the profits alleged to have been obtained from the sale of a franchise to distribute gas in the city of Seattle.

Plaintiff contends that in February, 1900, a joint undertaking was entered into between himself and defendant to obtain a franchise from the city of Seattle to distribute gas therein and that thereafter the franchise in question was obtained in the name of plaintiff and by him assigned to defendant. Pursuant to this franchise it is claimed a gas plant was erected and in 1904 sold for a large sum, of which plaintiff claims to be entitled to one-half.

To the action filed to recover this amount, the defendant denied any joint enterprise ever existed, but if one did exist it was now barred by laches and the statute of limitations; that both plaintiff and defendant were acting as "dummies" for third parties in the obtaining and the sale of the franchise in the city of Seattle and further that he received no profits therefrom. The trial court found in accordance with

the defense of defendant and found that no joint enterprise ever existed or if one was ever entered into it is now barred by laches and the statute of limitations.

Plaintiff, appellant herein, claims that sufficient facts were presented to compel the finding that a joint enterprise did in fact exist and that the claim of plaintiff was not barred.

The rule is too well established to require the citation of authority that this court will not disturb a judgment on the ground of a conflict in the evidence nor will it set aside on appeal findings based upon substantial evidence.

In the light of these well-established principles, we have examined the evidence, which we must assume was accepted by the trial court as true and convincing, and find that plaintiff and defendant first became acquainted in Denver in 1880, where they were each engaged in business. They had at least two joint business ventures, one involving the purchase of a piece of real property and the other a shipment of lumber, but these transactions were separate and distinct from their regular businesses and any relationship between the two ceased when the ventures ended. Defendant moved from Denver to Seattle in 1889, plaintiff continuing in business in Denver until about 1899.

After defendant moved to Seattle he became, through certain investments, interested in the Seattle Gas & Electric Company. Some time in 1901 H. K. Clise, a brother of defendant and an attorney of Seattle, was engaged in forming a new and competing gas company in Seattle and was anxious to find someone not a resident of Seattle in whose name an application for a franchise could be made. The name of R. H. Malone was suggested and in June, 1901, such a franchise was issued to Mr. Malone for the Citizens Light & Power Co. After the issuance of this franchise to Malone, he, according to previous arrangement, executed an assignment thereof in blank and returned it to Seattle when the name of defendant was inserted. Defendant held the franchise in his name until the company was sold and merged with other companies under the name of Seattle Lighting Company. The testimony of defendant in regard to these various transactions seems purposely vague and unenlightening, but he did deny the various allegations of plaintiff and we must assume the trial court was sufficiently

convinced to hold with defendant upon the conflict thus created. The trial court had before it all of the various exhibits, consisting of letters, depositions, corporation records, etc., and had the opportunity of hearing the witnesses on the stand. It is not for this court to pass upon the weight of the evidence nor the credibility of the witnesses.

■ As to the statute of limitations and laches it is apparent plaintiff had the means of ascertaining the facts in connection with the franchise, as the matter of the granting of the franchise and the subsequent assignments were of public record, and his failure to investigate for over a period of thirty or thirty-five years is not the exercise of reasonable diligence. Many cases are to be found holding that the means of knowledge is equivalent to such knowledge and that reasonable diligence must be exercised before a court of equity will intervene. (Note, 24 A. L. R. 1502; *Miller* v. *Ash,* 156 Cal. 544 [105 Pac. 600]; *Elliott* v. *Bunce,* 10 Cal. App. 741 [103 Pac. 897]; *Galbes* v. *Girard et al.,* (9th Circuit) 46 Fed. 500.) Plaintiff having had the means of knowledge and having failed to exercise reasonable diligence in connection therewith, it is apparent he has slept upon his rights.

No error appearing in the findings or judgment of the trial court the judgment is affirmed.

Plummer, J., and Thompson, J., concurred.