[Civ. No. 16139.   Second Dist., Div. Two.   Dec. 19, 1947.]

H. M. FAUCHER, Respondent, v. STATE OF CALIFORNIA et al., Defendants; HELEN E. SCHEFFLER et al., Appellants.

Emmett A. Tompkins for Appellants.

Charles A. Sunderlin for Respondent.

MOORE, P. J.—From a decree quieting title in respond-ent, defendants appealed. The background of the judgment consists of the following recitals taken from the supported findings. At some time prior to July 26, 1944, defendant Mrs. Dyer, hereinafter referred to as appellant, became in-debted to the Security First National Bank of Los Angeles, and by reason of nonpayment of her debt the bank sued in the Municipal Court of Los Angeles and caused judgment for the sum $68.69 to be entered against her on August 12, 1944, and an abstract thereof to be recorded in the official

records of Los Angeles County. On April 4, 1945, execution was issued upon the judgment and pursuant thereto on the following day the sheriff levied upon the property of appellant, to wit: Lot 86 of Tract 5100 in the same county, known and numbered as 1348 South Duncan Avenue, Los Angeles 22. On May 7, 1945, the sheriff sold Lot 86 and all the interest and title of appellant therein to respondent, the highest bidder, for the sum of $83.59 and delivered to the latter a certificate of such sale; and on the 8th day of May, 1946, he delivered to her a deed under execution whereby she acquired all of the interest of appellant in Lot 86 as of April 5, 1945. At the times of the entry of the bank's judgment, the sale by the sheriff and his issuance of the deed in favor of respondent, appellant was the owner of the lot. While appellant's codefendants other than the Schefflers claimed to hold a judgment lien against the lot by virtue of a judgment of the Superior Court of Sacramento County, yet such judgment is without any right as affecting the interest, estate and title of respondent.

Upon finding such facts the court concluded and decreed that respondent is the owner in fee simple and entitled to possession of Lot 86 as against defendants all and severally and all persons claiming under them any interest in or to the premises. A motion for a new trial having been denied the defendants other than the state and its stabilization commission brought this appeal. However, no appellant other than Mrs. Dyer has filed a brief.

Her contentions are: (1) that the municipal court did not have jurisdiction of either the subject matter or of the person of appellant in the action of the bank against her; (2) that she was prevented from redeeming the property by the deceptive conduct of respondent; (3) that the sum bid and paid by respondent at the sheriff's sale was inadequate; (4) that the court abused its discretion in denying a new trial.

The bank's demand was less than $2,000 and was payable at Los Angeles. ■ Although appellant resided outside the city at the time of the service of the summons, her contract to perform her obligation within the city made the municipal court the proper forum for the trial of the bank's action. (Code Civ. Proc., § 395.) Having failed to appear, appellant's default was duly entered and proof was made of the bank's claim. The case of *Schuler-Knox Co.* v. *Smith*, 62 Cal.App.2d 86 [144 P.2d 47], cited by appellant to estab-

lish that the burden was upon the bank to make proof of the municipal court's jurisdiction, is not apropos. The record of that cause discloses that no valid judgment had been entered against the Smiths in the justice's court to which the matter was presented, nor was proof made that such justice's court had jurisdiction of either the subject matter or of the persons of the defendants. In the instant cause, however, it was established that appellant's debt was payable in Los Angeles. If appellant had appeared in the municipal court and had persuaded the judge that such court did not have jurisdiction of the matter, a transfer of the cause to the proper justice's court would have been made. (Code Civ. Proc., §§ 395, 396; *Roos* v. *Jansen,* 30 Cal.App. 2d Supp. 773, 776 [78 P.2d 476].)

Appellant's inattention or indifference did not cease with the service of summons. When levy was made upon Lot 86 a notice of sale was posted upon the front of the house. She took it off and threw it away after respondent had seen it on the occasion of her call to inspect the premises. After the execution sale appellant discovered that the lot had been assessed to respondent and called upon her to inquire. Thereafter, pursuant to her promise respondent attempted three times by telephone to reach appellant for the purpose of advising her that the tax receipts were in respondent's possession, and left her message with appellant's neighbor. However, appellant made no further attempts to contact respondent or to redeem the property pursuant to the statutory procedure. (Code Civ. Proc., § 705.)

The lot here involved was reasonably worth in excess of $4,000. It is pathetic and oftentimes oppressive that an investor can under such circumstances as those here involved acquire title to a valuable property by purchasing it at a tax, execution, or foreclosure sale for a bare pittance, with no relief to the judgment debtor. ▮ But in the absence of material irregularities or lacking proof of a want of jurisdiction of the court which entered the judgment under which the sale was made, mere inadequacy of price is not a sufficient cause for annulling a sale consummated with strict observance of the prescribed statutory forms. (*Rauer* v. *Hertweck,* 175 Cal. 278, 281 [165 P. 946]; *Odell* v. *Cox,* 151 Cal. 70, 74 [90 P. 194].) ▮ Of course, if besides proving the inequality between the value of the property sold and the price received at the foreclosure sale some proof is made of fraud

or oppression on the part of the execution purchaser, then a judgment setting aside the sale may be awarded. (*Ibid; Bock* v. *Losekamp,* 179 Cal. 674, 676 [179 P. 516] ; *Baldwin* v. *Brown,* 193 Cal. 345, 349 [224 P. 462].) In the Rauer case the 20 acres sold for $46 was worth $700; in the Baldwin case the land sold for $480 was worth $4,800. But for want of irregularities in the sale and of proof of fraud on the part of the purchaser the judgments confirming those sales were affirmed.

In passing upon the motion for a new trial there was no room for the exercise of discretion. With respect to the notices of sale, while appellant testified that she did not see a notice the deputy who made the levy testified that he posted the notices, and the files of the sheriff's office relating to the sale corroborated him. Also, the legal secretary of the bank confuted the testimony of appellant who had deposed that she had seen no notice.

While appellant and her counsel did state at the trial that they had sufficient money with which they could reimburse respondent for all outlays in connection with the latter's purchase and ownership of Lot 86, such statements do not avail her. She neither tendered the money nor proved that she was entitled to a judgment upon payment thereof.

Judgment affirmed. Appeal from the order denying a new trial is dismissed.

McComb, J., and Wilson, J., concurred.

Appellant Dyer's petition for a hearing by the Supreme Court was denied February 16, 1948. Schauer, J., voted for a hearing.