[Civ. No. 16722.   Second Dist., Div. Two.   Dec. 29, 1949.]

D. H. BELL, Respondent, v. ANNABELL TOWNS et al., Defendants; CATHERINE A. McKENNA, Appellant.

Catherine A. McKenna, in pro. per., for Appellant.

Nessen, Becker & Becker and Max Bergman for Respondent.

WILSON, J.—Action to quiet title to Lots 384 and 385 of the Forthmann Tract in the city of Los Angeles, formerly in the city of Watts. Judgment was entered for plaintiff from which defendant Catherine A. McKenna appeals.

Plaintiff's title rests on tax deeds issued to the State of California after nonpayment of taxes of 1928 on Lot 384 and taxes of 1924 on Lot 385; deeds issued by the State of California in February, 1943, to Record Searching Title Company for both lots and a conveyance by that company to plaintiff.

Defendant has no record or documentary title to Lot 384. She claims title solely through adverse possession. She asserts title to Lot 385 by adverse possession together with a tax deed issued to A. M. Robinson in 1918 and mesne conveyances from him to defendant. In 1930, she enclosed the two lots with a fence and has ever since maintained it.

1. Defendant contends that the statute of limitations protects her against plaintiff's claim of title. Though she has been in possession of the property since 1930 there is no evidence that she has paid any taxes on it. The contrary is attested by the fact that both lots were sold to the state for nonpayment of taxes and conveyed by the state to Record Searching Title Company in 1943. Title by adverse possession cannot be obtained without the payment of all taxes levied on the property. (Code Civ. Proc., § 325.)

2. Defendant asserts that the tax deeds to Record Searching Title Company are void for the reason that the property was advertised to be sold for taxes levied by the city of Venice when in fact it was in the city of Watts. This would be im-

portant if true, but the tax records in evidence describe the lots as being in the city of Watts. The delinquent tax list is not in the record but a sufficient amount of it was read into the transcript to show that it covered all property in the county on which taxes had not been paid, including that in the cities of Venice, Watts and other municipalities which had authorized the county to assess and collect their taxes. References to taxes of the several cities named in the delinquent tax notice obviously are applicable only to taxes on property that was then in the respective cities and not to any other property.

▪ 3. Defendant contends that the deeds are void for the reason that they were not acknowledged before an officer qualified to take acknowledgments of deeds, the assertion in her brief being that they were acknowledged before *B. F.* Murphy who was a deputy tax collector. The deeds in evidence were acknowledged before the county clerk by F. B. Murphy, deputy. It will be presumed from the recital in the document that he was a deputy county clerk. There is no evidence that he was a deputy tax collector, and if he had been such there is no legal impediment to his acting as a deputy in both offices.

▪ 4. The other contentions of defendant as to the alleged invalidity of the tax deeds may be considered together: (a) That there is no affidavit or certificate attached to the published delinquent tax list for the year of the sale to the state that it was published by authority of the tax collector; (b) that it was not in fact published by his authority; (c) that there is no certificate that it is a copy of the delinquent tax list for the year in question; (d) that the tax deeds are not in the exact form prescribed by law; (e) that the deeds to the Record Searching Title Company are void for failure to recite therein that the property was sold to the highest bidder and that the company was the party which made the highest bid. None of these alleged procedural errors or defects, if any in fact exists, is jurisdictional. If any occurred it is such as has been cured by the Curative Acts. (Stats. 1943, ch. 458, p. 1993; 3 Deering's Gen. Laws, Act 8443; Stats. 1945, ch. 1134, p. 2176; 3 Deering's Gen. Laws, 1947 Supp., Act 8443a.)

▪ A tax deed to the state is prima facie evidence of the regularity of certain of the tax proceedings and conclusive as to all others from the levy of the assessment to the execution of the deed. (Pol. Code, §§ 3786, 3787, in effect when the deeds to the state were issued; now Rev. & Tax. Code, §§ 3517, 3518.) Except as against actual fraud, the deed from the state to an individual purchaser is conclusive evidence of the regu-

larity of all proceedings. (Pol. Code, § 3836.1, now Rev. & Tax. Code, § 3711.)

The Legislature may make a tax deed conclusive evidence of compliance with all provisions of the statute that are merely directory as to mode of procedure, but such an act cannot make a deed conclusive as to jurisdictional steps in the tax proceedings. (*Ramish* v. *Hartwell,* 126 Cal. 443, 448 [58 P. 920].) There is no evidence in the instant case of any error or omission as to jurisdictional steps leading to assessment, sale or conveyance to or by the state of the property in question.

5. Defendant assigns as error the reopening of the case after judgment had been ordered but not filed or entered. After evidence had been offered by both parties and the case closed the court filed a memorandum opinion ordering judgment for defendant on the sole ground that there had been no proof that Record Searching Title Company, grantee named in the tax deeds upon which plaintiff's title rests, was a corporation when the deeds were executed by the county tax collector. Plaintiff then moved to reopen the case for the introduction of further evidence. The time for hearing the motion was not set forth in the notice but the clerk set it for hearing and notified both parties of the date; both appeared and argued the question of reopening without objection to the absence from the notice of the date of hearing, the only objection by defendant being to the jurisdiction of the court to hear or grant the motion. The order granting the motion was within the discretion of the court and we find no abuse of discretion. Defendant apparently mistaking the motion to reopen for a motion for a new trial contends that the court lost jurisdiction to grant it for the reason that it was not acted upon within 60 days after the opinion ordering judgment had been filed. Since (1) it was not a motion for a new trial, and (2) the judgment had not been signed, the 60-day limitation (Code Civ. Proc., § 660) does not apply.

6. Finally defendant contends that the court erred in admitting evidence of the corporate existence of Record Searching Title Company and oral evidence concerning the purchase of the property at the tax sale. The tax deeds to the company did not designate the grantee as a corporation. When the case was reopened a certified copy of the articles of incorporation was offered and received in evidence together with testimony of the officers of the corporation to the effect that its corporate franchise tax had been paid to date of trial;

that they had bought the property at the tax sale for and on behalf of the corporation. Such evidence was admissible (1) to identify Record Searching Title Company, named as grantee in the tax deed, as a corporation; (2) to prove that the grantee is a corporation organized under the laws of California; (3) to show that the official address of the corporation is the same as that given for the forwarding of the deeds; (4) to prove that the corporation had possession of the deeds. It was not necessary to prove that bylaws had been adopted, officers elected, or stock issued.

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied January 13, 1950, and appellant's petition for a hearing by the Supreme Court was denied February 23, 1950. Carter, J., and Schauer, J., voted for a hearing.