[Civ. No. 18001. Second Dist., Div. Two. Apr. 13, 1951.]

BERTHA PHILP, Respondent, v. CHARLES E. HOBART, as Executor, etc., Appellant.

Perry Bertram and Holmes E. Hobart for Appellant.

Stephenson & Karmelich for Respondent.

WILSON, J.—From a judgment in favor of plaintiff in an action to quiet title to real property defendant Charles E. Hobart, as executor of the estate of George Philp, deceased, appeals.

The parcel which is the subject of this action was held at one time in joint tenancy by plaintiff and decedent, who were husband and wife. On May 5, 1930, plaintiff was granted an interlocutory decree of divorce from George Philp at which time she deeded the lot to him as his separate property.

Prior to July, 1940, the property was foreclosed upon for a delinquent street assessment bond and sold to the Board of Fire Pension Commissioners of the city of Los Angeles. In November, 1940, plaintiff purchased the certificate of sale covering the property from said board for $120. She served George Philp with a 30-day notice of right of redemption which had been given to her by the Treasurer of the city of Los Angeles and in November, 1940, procured a deed of the property to herself from the city treasurer.

George Philp was occupying the property at the time it was deeded to plaintiff and he continued in possession until his death in 1948. Plaintiff paid all taxes and assessments thereon from the time she acquired title. Prior to the foreclosure sale decedent had improved the premises by erecting two garages with an apartment over them. After the title was vested in plaintiff he erected two more garages with two apartments of two rooms each over them. George Philp died after the instant action was instituted and the executor of his estate was substituted as party defendant.

Defendant contends (1) the action is barred by sections 318 and 319 of the Code of Civil Procedure[1] because plaintiff was

[1]Section 318: "No action for the recovery of real property, or for the recovery of the possession thereof, can be maintained, unless it appear that the plaintiff, his ancestor, predecessor, or grantor, was seised or possessed of the property in question, within five years before the commencement of the action."

Section 319: "No cause of action, or defense to an action, arising out of the title to real property, or to rents or profits out of the same, can be effectual, unless it appear that the person prosecuting the action,

not seised or possessed of the property within five years before the commencement of the action; (2) she is barred by laches; (3) she holds title as constructive trustee for the benefit of defendant.

It is undisputed that plaintiff held the legal title to the property from November, 1940, and defendant concedes that under section 321 of the Code of Civil Procedure[2] there is a presumption she had possession thereof. That section provides that the person establishing a legal title to the property is presumed to have been possessed thereof within the time required by law, and the occupation of the property by any other person is deemed to have been under and in subordination to the legal title unless it appear that the property has been held and possessed adversely to such legal title for five years before the commencement of the action. He asserts, however, that this presumption is rebutted by reason of the fact that George Philp entered into possession of the property under a claim of title and having occupied it continuously under such claim for more than five years before the commencement of this action, the property is deemed to have been held adversely under section 322 of the same code.[3]

Section 325 of that code provides that "in no case shall adverse possession be considered established under the provisions of any section or sections of this code, unless it shall be shown that the land has been occupied and claimed for the

or making the defense, or under whose title the action is prosecuted, or the defense is made, or the ancestor, predecessor, or grantor of such person was seised or possessed of the premises in question within five years before the commencement of the act in respect to which such action is prosecuted or defense made."

[2]Section 321: "In every action for the recovery of real property, or the possession thereof, the person establishing a legal title to the property is presumed to have been possessed thereof within the time required by law, and the occupation of the property by any other person is deemed to have been under and in subordination to the legal title, unless it appear that the property has been held and possessed adversely to such legal title, for five years before the commencement of the action."

[3]Section 322: "When it appears that the occupant, or those under whom he claims, entered into the possession of the property under claim of title, exclusive of other right, founding such claim upon a written instrument, as being a conveyance of the property in question, or upon the decree or judgment of a competent court, and that there has been a continued occupation and possession of the property included in such instrument, decree or judgment, or of some part of the property, under such claim, for five years, the property so included is deemed to have been held adversely, except that when it consists of a tract divided into lots, the possession of one lot is not deemed a possession of any other lot of the same tract."

period of five years continuously, and the party or persons, their predecessors and grantors, have paid all the taxes, state, county, or municipal, which have been levied and assessed upon such land.'' ▉ It is the general rule that to constitute a defense under the statute of limitations there must be a concurrence of all the elements required to establish an adverse possession. (*Comstock* v. *Finn*, 13 Cal.App.2d 151, 155 [56 P.2d 957].) ▉ Since the taxes on the property from November, 1940, were paid by plaintiff and not by defendant's predecessor, there is an absence of one of the necessary elements and defendant cannot establish adverse possession. (*Bell* v. *Towns*, 95 Cal.App.2d 398, 399 [213 P.2d 73].)

▉ Defendant maintains that plaintiff's delay in bringing her action resulted in a disadvantage to him since he was thereby deprived of having present certain witnesses. Other than decedent, he does not show in what way he was prevented from having the witnesses he desired. Insofar as the testimony of decedent is concerned, he was 85 years of age when the suit was filed and his death did not occur for nearly two years thereafter. No attempt, however, was made to perpetuate his testimony despite his advanced years.

▉ Defendant asserts that he was also prejudiced by plaintiff's failure to assert her rights until after decedent had expended time and money in erecting improvements on the property which greatly increased its value. A card was found among decedent's papers which showed the original report of the assessment on the property which was foreclosed for failure to pay delinquent street assessments. Decedent was served with a 30-day notice of right of redemption and he was aware of the fact that plaintiff was paying the taxes on the property since he asked her why she was doing so. Moreover, the deed from the Treasurer of the city of Los Angeles to plaintiff was a matter of record. It is obvious therefore that any damage suffered by defendant or his predecessor by reason of any improvements made by decedent after plaintiff acquired title was attributable to decedent's failure to use reasonable diligence and not to plaintiff's delay in filing suit. Decedent had the means of knowledge and failed to exercise reasonable diligence in connection therewith and having slept on his rights a court of equity will not intervene. (*Malone* v. *Clise*, 18 Cal.App.2d 154, 157 [63 P.2d 321].)

 Defendant's contention that plaintiff holds the property in trust for his benefit because of the grossly inadequate price she paid for it is without merit. The evidence sustains the finding of the court that no fraud was perpetrated by plaintiff upon decedent and inadequacy of price alone is not a sufficient ground for setting aside the sale. (*Faucher* v. *State of California*, 82 Cal.App.2d 991, 994 [187 P.2d 918].)

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied May 1, 1951, and appellant's petition for a hearing by the Supreme Court was denied June 11, 1951.