[Civ. No. 4170. Second Appellate District, Division One.—April 14, 1923.]

## ALMEDA BRESEE HYMAN, Respondent, v. KARL STERN, Appellant.

[1] Execution—Sale of Corporation Stock—Inadequacy of Price and Other Circumstances—Setting Aside for Unfairness.—An execution sale of corporation stock of a value of approximately two thousand dollars for the sum of fifteen dollars will be set aside at the instance of the execution debtor who had no actual knowledge of the levy and sale and whose ignorance was not due to any fault or negligence on her part, where the president of the judgment creditor was the purchaser at the sale for himself personally and knew the value of the stock and the debtor's address, but failed to notify her, and, with the exception of his attorney, was the only person present at the sale.

APPEAL from a judgment of the Superior Court of Los Angeles County. Pat R. Parker, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

B. W. Shipman and Henry O. Wackerbarth for Appellant.

Kemp & Clewett for Respondent.

CURTIS, J.—The appellant and respondent were two of the organizers, stockholders, and directors of the Karl Stern Company, a corporation. The defendant was at all times the president, general manager, and a director of said company, and the owner of 1,438 shares of the capital stock thereof, out of 1,600 shares of said company outstanding, and was at all times in active management and control of the business and affairs of said company; plaintiff at all times up to the execution sale herein involved was the owner of 100 shares of the capital stock of said company, which had a value of approximately $2,000. Plaintiff was the secretary and treasurer of said company from its organization up to April 1, 1919. She was also in the employ of said company from the date of its formation up to the tenth day of August, 1918, at which date she left the employ of the company. About February 11, 1919, she commenced an action in the superior court of the county of Los Angeles against the said Karl Stern Company for moneys alleged to be due her for services rendered. And about June 11, 1919, she recovered judgment against said company for the sum of $838.75 and costs. The company appealed from said judgment and the same was reversed on May 20, 1920. (47 Cal. App. 605 [191 Pac. 47].) As a reading of the opinion will reveal, the judgment was reversed for the reason that the appellate court held the same to be excessive in an amount of approximately between forty and fifty dollars. On the reversal of said judgment, the Karl Stern Company was awarded its costs on appeal, amounting to $97.30, and the cost bill showing said costs was served on plaintiff's attorney in that action on or about July 21, 1920, but said attorney failed to notify plaintiff of that fact, and plaintiff had no actual knowledge thereof until about February 21, 1921.

61 Cal. App.—42

On August 3, 1920, the defendant, Karl Stern, acting as president of the Karl Stern Company, caused an execution to be issued on said judgment for costs on appeal, against said plaintiff, and caused the same to be levied on plaintiff's stock in said Karl Stern Company, and said levy was made by the sheriff, leaving a copy of said execution with the defendant, said Karl Stern, as president of said Karl Stern Company, and said defendant as such president signed an answer to said garnishment and delivered the same to the sheriff; thereafter, and on August 11, 1920, said stock was sold on execution sale, and the defendant Karl Stern was the only bidder at said sale, and became the purchaser of said stock for himself, personally, for the sum of $15. Plaintiff did not discover the fact of said judgment for costs or said execution sale until about February 1, 1921, and on February 25, 1921, she tendered to defendant and offered to pay him the total amount of said judgment, with interest and costs amounting to $102.40. The evidence shows that the defendant and his attorney were the only persons present at the time of the execution sale and the defendant made no effort whatever to inform the plaintiff of the judgment against her and never demanded its payment, either of plaintiff or plaintiff's attorney. Plaintiff, therefore, instituted this action and recovered a judgment against the defendant, Karl Stern, wherein it was decreed that upon payment by said plaintiff to said defendant, or to the clerk of said superior court for said defendant, within thirty days from the docketing of said judgment, of the sum of $15.57 and the balance due on the judgment against said plaintiff and in favor of Karl Stern Company, a corporation, for costs on appeal, then and in that event that the sheriff's sale under execution of said stock be vacated, annulled, and set aside. The defendant appeals from this judgment.

Appellant contends that the most that can be said of plaintiff's case from the foregoing statement of facts is that it is an action to set aside a sheriff's sale, lawfully made, because the price and the value of the property sold is greatly disproportionate; and that under the decisions of our state, mere inadequacy of price is not alone sufficient to set aside such a sale. In support of his contentions he relies upon the cases of *Rauer* v. *Hertweck,* 175 Cal. 278

[165 Pac. 946], and *Bock* v. *Loschamp,* 179 Cal. 674 [179 Pac. 516]. These cases undoubtedly support appellant in his contention as to the law of this state.

[1] There is more, however, in the present case than mere inadequacy of consideration. From a casual reading of the statement of facts it must be apparent that not only did the defendant purchase plaintiff's stock at a price which was grossly inadequate, but he did it knowing full well its true value, and in the absence of plaintiff who had no actual knowledge of the sale, and whose ignorance in that regard was not due to any fault or negligence on her part. These facts bring the case clearly within the rule laid down in the case of *Odell* v. *Cox,* 151 Cal. 70 [90 Pac. 194], where a sale of stock under execution, under facts very similar to those in the present case, was set aside by the court. Mr. Justice Angellotti, rendering the opinion of the court, uses the following language: "Under the circumstances appearing, it devolved on Cox, if he proposed to purchase the stock at this practically secret sale, in the exercise of that degree of fairness which both law and common honesty required, to offer a price bearing some semblance to what he knew to be its value, or at least to refrain from taking it for what he knew to be practically nothing." This language applies with equal force to the case before us. The defendant, who was the president and manager of the judgment creditor, the Karl Stern Company, and who owned ninety per cent of its capital stock, was, besides his attorney, the only person present at the sale. As we have already seen, he knew the true value of the stock; he was well acquainted with the plaintiff and knew her address; she had no actual knowledge of the sale, and he not only failed to notify her, but in her absence he purchased for $15 the 100 shares of stock worth approximately $2,000, and from which sale there is no redemption.

Regarding such a transaction we feel that the following words of the supreme court of the United States are peculiarly applicable: "It would be a reproach to a court of equity, if it could not lay hold of such a transaction as this is shown to be, and set aside a sale of property acquired under the forms of law and in defiance of natural justice." (*Schroeder* v. *Young,* 161 U. S. 334 [40 L. Ed. 721, 16 Sup. Ct. Rep. 512, see, also, Rose's U. S. Notes].)

Appellant further contends that there is no evidence to support certain findings set forth in his brief. We have examined the record before us and find ample evidence therein to support all such findings. .

The judgment appealed from is affirmed.

Conrey, P. J., and Houser, J., concurred.