[Civ. No. 3783. Second Appellate District, Division Two.—April 16, 1923.]

ALMEDA BRESEE HYMAN, Respondent, v. KARL STERN COMPANY (a Corporation), Appellant.

[1] CORPORATIONS—FIXING OF SALARIES—NONCOMPLIANCE WITH BY-LAWS—VALIDITY OF AGREEMENT BETWEEN OWNERS.—Where two persons who own and control a corporation to all substantial effect agree upon the salaries to be paid to each of them, such agreement is valid and binding, notwithstanding the by-laws of the corporation declare that the salaries of the officers and employees should be fixed by the board of directors.

[2] ID.—ACTION FOR SERVICES—CONTRACT—SUFFICIENCY OF EVIDENCE. In this action by a director of a corporation to recover a balance of salary claimed to be due from the corporation, the evidence is sufficient to sustain the finding of a contract stipulating that plaintiff was to receive twenty-five dollars per week.

APPEAL from a judgment of the Superior Court of Los Angeles County. Chas. Wellborn, Judge. Affirmed.

The facts are stated in the opinion of the court.

Benjamin W. Shipman, Henry A. Wackerbarth, Joseph A. Adair and Henry E. Carter for Appellant.

Kemp & Clewett for Respondent.

CRAIG, J.—This is an action by the plaintiff and respondent against the defendant and appellant to recover a balance of salary claimed to be due her from the defendant.

Plaintiff was one of the organizers, a stockholder and a director of the corporation. She worked for it from April 1, 1917, to August 10, 1918, and was paid $15 per week for the first year and $17.50 per week from April 1, 1918, until August 10, 1918, upon which last date she left the employ of the defendant.

[1] This is an appeal after the second trial of the issues in this litigation. Subsequent to the first trial an appeal was taken which was passed upon by the district court of appeal, second appellate district, division one, and an opinion filed May 20, 1920 (47 Cal. App. 605 [191 Pac. 47]), therein. In that decision the issues of law tendered by appellant on this appeal were determined. It was there said: "The first contention of the by-laws declaring that the directors should fix the salaries of officers and employees was not complied with, and that any arrangement entered into between Stern and the plaintiff as to salaries to be paid was invalid. We think there is no merit in this contention. If the two persons who owned and controlled the corporation to all substantial effect agreed upon the salaries to be paid, where the corporate form was adopted only as a convenient agency for the handling of the business, such an agreement we think was valid and binding." This statement of the law must be accepted as controlling the same issue argued in the appellant's brief in the instant appeal in which it is contended that the defendant corporation is not responsible for the statements of Karl Stern to the plaintiff prior to the organization of the corporation, and that a resolution of the board of directors is essential.

[2] It is unnecessary to set forth *in haec verba* the findings to which exception is taken. The appellant's ground of appeal that the evidence does not support the findings concerns the conversations between the plaintiff and Karl Stern. The matters involved in the claim that the findings are not supported are: 1. Did the conversations take place? 2. If so, did the statements made constitute agreements? 3. If agreements were made, do they bind the corporation? 4. Were the services rendered? There is no dispute as to the fact of the rendition of the services. What we have said previously disposes of the third proposition. As to the first and second, the most that can be claimed on behalf of the appellant is that there was a conflict of evi-

dence. The plaintiff testified to certain conversations between herself and Karl Stern. Granting that the defendant offered evidence to the contrary, it was the peculiar province of the trial court to weigh the testimony, and that of the plaintiff was apparently accepted, and the decision of the trial court in that regard is final.

The court found that the defendant agreed and promised to pay the plaintiff $25 per week the first day of April, 1917, to the first day of April, 1918, and $27.50 per week from the first day of April, 1918, to and including the ninth day of August, 1918. Appellant excepts especially to this finding and claims that the transcript contains no testimony that any contract was ever entered into between the plaintiff and any officer of the defendant corporation in which it was stipulated that she was to receive $25 per week or any other sum for her services. It is true that in the conversation as related by the plaintiff, which she testified took place between Karl Stern and herself, just prior to the first meeting of the board of directors, it is not stated that $25 per week or any other sum was specified as the future salary of the plaintiff. However, the trial court found that such an agreement was made, and the inquiry in this court must be directed to a determination of whether or not there is evidence from which an inference of the fact as found might have been fairly drawn. It is apparent that the latter part of the conversation as detailed would have no application if the amount of Mrs. Hyman's salary had not been previously mentioned. She testified that Stern said it would be to the advantage of the corporation to get along on as little money as possible and "leave as much money in the company as we could leave in"; also, that she said she could "get along on $15 per week," and he said he would draw about the same amount himself, and "we would leave the rest in the corporation." Clearly, there had been some discussion as to what salary both parties were to receive.

The plaintiff testified to another conversation which she said took place at the annual meeting of the corporation in April, 1918. We quote from her evidence as follows: "Yes, sir. I asked for an advance in salary, which would make my salary $27.50, and that advance was granted to each one of us, the other salesman, as well as myself; each one

received $2.50 per week advance. Then that made me draw out $17.50 that was the advance paid to me on the amount I was drawing out of the corporation. Q. Well, from that time on what did you draw down? A. $17.50 per week." Here is direct testimony that her salary had been $25 per week. To be sure, it was given as a conclusion of the witness, but no objection or motion to strike was made and it remains in the record as evidence which the trial court unquestionably considered in making the finding that an agreement had been entered into to pay Mrs. Hyman $25 per week. Although the testimony supporting the finding in question is not as clear or as complete as might be desired, we consider that the transcript contains sufficient evidence in that behalf to sustain it.

The judgment is affirmed.

Finlayson, P. J., and Works, J., concurred.