[Civ. No. 16063.   Second Dist., Div. Two.   Feb. 11, 1948.]

E. M. YOUNG, Appellant, v. VERGIE BARKER et al., Defendants; VERGIE RODRIGUES, Respondent.

Roy A. Linn and Roy C. Kaiser for Appellant.

Joseph A. Ball for Respondent.

WILSON, J.—As the facts in this case unfold there will appear a program, well prepared and almost successful, whereby plaintiff hoped to acquire a valuable property for a paltry sum by following the forms of law but in defiance of the elemental rules of equity and without a simulacrum of justice.

Plaintiff purchased a number of accounts receivable from a bankrupt estate, among them an account against defendant amounting to $72. On September 11, 1941, plaintiff filed an action on the account in the Municipal Court of Long Beach. An affidavit was filed by Roy C. Kaiser, plaintiff's attorney, stating that he had served a copy of the summons and complaint on defendant on September 18, in Long Beach. A default judgment for principal, interest, costs and attorney's fees, amounting to $113.68 was entered against defendant on October 14, 1941. No proceedings to collect the judgment by supplementary proceedings, execution or otherwise were taken until December 10, 1942, when plain-

tiff's attorney obtained a writ of execution and delivered it to the marshal of the Municipal Court of Los Angeles for levy and the same was levied on the property which is the subject of this action—a house and lot at No. 6469 Orizaba Street in Long Beach. The marshal conducted a sale of the property in the city of Los Angeles on January 5, 1943, at which it was sold to plaintiff who, through her attorney Roy C. Kaiser, was the sole bidder. She bid the amount of the judgment and costs. There was no competitive bidding.

The marshal's certificate of sale to plaintiff was issued on January 5, 1943. His deed was issued on January 13, 1944, but was not recorded in the office of the county recorder until November 21, 1944.

This action for ejectment and damages was commenced on July 26, 1945. The complaint alleges that plaintiff purchased the property at the marshal's sale on January 5, 1943, and received the deed as above stated; that since the date of the marshal's deed plaintiff had been deprived of the rents and the reasonable value of the use of the property to her damage in the sum of $900, and that she would be further damaged in the sum of $50 per month, the reasonable rental value of the property after the commencement of the action, for which amounts and the restitution of the property plaintiff prayed judgment.

Defendant answered denying the allegations of the complaint and at the same time filed a cross-complaint to quiet her title to the property and to set aside the judgment of the municipal court and the marshal's deed and to cancel the certificate of sale. She alleged that summons and complaint were never served upon her; that she had had no knowledge of the judgment, execution or other proceedings until April 16, 1945; that the actions of plaintiff were fraudulent and that she conducted the proceedings with a design to take undue advantage of defendant and to deprive the latter of her property.

The court found that summons and complaint in the municipal court action were never served on defendant; that the debt on which the judgment was based had been incurred by defendant, that she asserted no defense, and that she was ready, able and willing to pay the indebtedness; that the levy of the execution was not made as required by law; that no notice was posted upon the property; that defendant did not reside on the property at the time the

levy was made and received no notice thereof; that from and after the rendition of the municipal court judgment plaintiff knew or had means of knowledge of the whereabouts of defendant and of the fact that defendant owned the property, was receiving rentals from tenants therein, and was making payments on an incumbrance on the property, but nevertheless plaintiff failed to give actual notice to defendant of the execution; that defendant had no actual knowledge of the time and place of the sale or that any sale had taken place until about April 16, 1945.

An interlocutory judgment was rendered adjudging that if defendant, within 30 days after entry of the judgment paid to the clerk of the superior court for the benefit of plaintiff the amount of the municipal court judgment, with interest and accrued costs, the judgment should be deemed paid and satisfied and the execution sale and the deed given pursuant thereto should be vacated and set aside, but that if defendant should fail to deposit such amount then plaintiff should be entitled to the relief sought by her complaint. Thereafter a final judgment was entered adjudging that the amount required by the interlocutory judgment had been deposited with the court, that thereby the municipal court judgment became fully satisfied and discharged, and that the execution sale, the marshal's certificate of sale and deed were vacated and set aside. Plaintiff has appealed from both the interlocutory and the final judgment. Since the final judgment must be affirmed we need not consider whether an appeal lies from the interlocutory judgment.

The bare allegation that the summons and complaint were not served on defendant without the averment of facts showing that she had a meritorious defense to the action in the municipal court is insufficient to state a cause of action. (*Lee* v. *Colquhoun,* 175 Cal. 16 [164 P. 894]; *Bell* v. *Thompson,* 147 Cal. 689, 693 [82 P. 327]; *Matson* v. *John Batto & Sons,* 173 Cal. 800 [161 P. 1144].) If this were the extent of defendant's allegation of error plaintiff would have been entitled to judgment, but she does not rest with this one charge of irregularity. She alleges a course of conduct by plaintiff and her attorney from the entry of the default judgment in the municipal court to the commencement of the instant action that unmistakably indicates, as found by the court, a fraudulent purpose on their part and manifests

a carefully planned and executed scheme to deprive defendant of a valuable property for approximately 4 per cent of the amount of her equity.

The finding that the summons and complaint were not served on defendant is sustained by the evidence of at least five witnesses who testified, aided by circumstantial evidence, that she was at Delano, in Kern County, on the day the service is alleged to have been made on her in Long Beach. The other facts alleged in defendant's cross-complaint and found by the court to be true are undisputed. For 14 months after the entry of the default judgment plaintiff failed to take any action to collect it. She then had a writ of execution issued. At that time the judgment was final and the time had expired within which defendant could have made a motion to set it aside. The writ of execution was delivered to the marshal of Los Angeles with instructions to levy on and sell the property. No explanation has been forthcoming as to why the writ was delivered to the marshal of Los Angeles, some 20 miles distant from Long Beach, instead of the marshal of the latter city in which the property is situated. The deputy marshal left a copy of the writ with the tenant but did not post it on the property. Mr. Kaiser testified that before having the writ issued he talked with the tenant who resided on the property and from the information thus obtained he eventually ascertained defendant's address to be 2354 Chestnut Street, Long Beach. Notwithstanding this knowledge, and the knowledge that the tenant was paying rent to defendant, no demand was made for payment of the judgment, no notice was given to defendant of the sale or of the existence of the judgment, and no demand was made on defendant or on her tenant for the rents after the marshal's sale. If plaintiff had desired merely to collect the debt, and not to acquire the property unfairly, she could have obtained the rents from the property (Code Civ. Proc., § 707) which in four or five months would have satisfied the judgment.

The marshal's deed was recorded in November, 1944, 22 months after the sale had taken place, and still no notice was given to defendant of any of the proceedings. There was an incumbrance on the property on which the sum of $2,127.08 remained unpaid in January, 1943, the date of the marshal's sale. Plaintiff permitted defendant, while unaware of the condition of her title, to make monthly pay-

ments on the incumbrance until April, 1945, reducing the amount owing to $1,551.18 when she first learned of the sale. During that time defendant paid all taxes, insurance and other expenses accruing on the property. Plaintiff paid none.

In *Odell* v. *Cox,* 151 Cal. 70 [90 P. 194], there was an inadequacy of consideration, which alone is not a sufficient ground for vacating the execution sale; but, said the court, inadequacy of price is a circumstance to be considered in connection with other circumstances which together will be a ground for vacating the sale (pp. 73, 74). In the Odell case as in the instant case the judgment debtor had no knowledge of the issuance of the execution or of the sale and although a writ of execution was levied in the manner authorized by law the method of its levy was such that the owner did not know and could not learn of the levy except from information given him by the opposing party or casually by someone who knew the facts. In view of the defendant's financial circumstances and of the appeal from the judgment he had no reason to believe that his property would be sold. To the same effect are the cases of *Winbigler* v. *Sherman,* 175 Cal. 270 [165 P. 943], and *Hyman* v. *Stern,* 61 Cal.App. 656 [215 P. 911]. In *Graffam* v. *Burgess,* 117 U.S. 180, 192 [6 S.Ct. 686, 29 L.Ed. 839, 843], it is said that if the inadequacy is so gross as to shock the conscience (it is so in the instant case), or if, in addition to the gross inadequacy, the purchaser has been unfair or has taken undue advantage, or if the owner of the property has been misled or surprised, the sale will be regarded as fraudulent and void, or the party injured will be permitted to redeem the property from the sale. "Great inadequacy requires only slight circumstances of unfairness in the conduct of the party benefited by the sale to raise the presumption of fraud." In *Schroeder* v. *Young,* 161 U.S. 334, 338 [16 S.Ct. 512, 40 L.Ed. 721, 724], it is said that while mere inadequacy of price may not be sufficient in itself to warrant the setting aside of a judicial sale "courts are not slow to seize upon other circumstances impeaching the fairness of the transaction as a cause for vacating it." Further that such gross inadequacy as to shock the conscience, irregularities attending the sale, where the sale was conducted in such manner that the full value of the property could not be realized, if bidders had been kept away, if undue advantage had

been taken to the prejudice of the owner, or if he had been lulled into false security, the sale may be set aside and the owner may be permitted to redeem. In the Schroeder case, as in the instant case, the levy was made under the specific direction of plaintiff's attorney, who was the sole bidder at the sale and the only person present excepting the officer conducting the sale.

Since the facts in the instant case are so similar to those in the cases referred to, further citations are unnecessary.

The cases cited by plaintiff are easily distinguishable from the case at bar. In *Rauer* v. *Hertweck*, 175 Cal. 278 [165 P. 946], it appears (p. 283) that while the judgment debtor had no notice of the sale he did know that a judgment had been rendered against him and he "must be deemed to have known that his property might be levied on at any time." He failed to pay the judgment and took no steps to protect his property until the time for redemption had passed. The loss, said the court, could more properly be attributed to his own neglect than to any unfairness of the judgment debtor. The court said that the case presented none of the peculiar circumstances of oppression or inequitable conduct that were found in the Odell and Winbigler cases, *supra*, to justify relief from a sale made for an inadequate price. Plaintiff cites cases in which a single defect has been held not to invalidate a sale, such as *Rauer* v. *Hertweck*, *supra*, in which personal notice of sale was not given to the judgment debtor, and *Hamilton* v. *Carpenter*, 52 Cal.App.2d 447 [126 P.2d 395], where a notice of foreclosure sale was not posted on the property as required by law. These were held to be insufficient grounds for setting aside the sales. No cases have been cited by plaintiff, and we believe none can be found, in which a sale has been sustained where, although plaintiff and her attorney at all times knew the address of the defendant, which was in the city in which the action was filed and the property was located, knowledge of the entry of judgment, the sale and all other proceedings have been so meticulously concealed from a defendant as in this case.

The court's findings, with which we are constrained to concur, are that all the delays occurring after the entry of judgment in the municipal court, the acts of plaintiff and her attorney, and their failure to give notice to defendant of any of the proceedings, were with the intent on their part

to deceive, defraud and take undue advantage of her. Such findings are fully sustained by the evidence and the inferences reasonably to be drawn therefrom.

Plaintiff would not be satisfied with a judgment confirming her title to the property, for a $3,500 equity in which she paid less than $200. Supplementing her vermicular process in her effort to obtain it she has the effrontery to allege in her complaint that defendant had held possession of the property "against the will and without the consent of plaintiff" (she never demanded possession) and that "plaintiff has been deprived of the rents and reasonable value of the use of said property" to her damage at the rate of $50 per month from the date of the marshal's deed. She asks the court to give her not only a judgment for possession of the premises but a personal judgment against defendant for $900 and for $50 per month from the filing of the action to the entry of judgment. If any proof were needed, in addition to that which we have related, to establish plaintiff's malevolent and baleful intent it is supplied by the foregoing allegations and prayer for judgment.

Judgments affirmed.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied March 2, 1948, and appellant's petition for a hearing by the Supreme Court was denied April 1, 1948.