[Civ. No. 17872. Second Dist., Div. Three. Apr. 20, 1951.]

FRED TURNER, Appellant, v. M. M. MILSTEIN, Respondent.

Walter Gould Lincoln for Appellant.

Wapner & Wapner, Joseph M. Wapner and Joseph A. Wapner for Respondent.

VALLÉE, J.—Appeal by plaintiff from a judgment of dismissal entered pursuant to an order sustaining defendant's demurrer to plaintiff's amended complaint with leave to amend. Plaintiff declined to amend and the judgment followed. The action seeks to quiet title to a parcel of real property. The original complaint was filed March 10, 1949. The amended complaint alleged:

On July 22, 1933, a trust deed executed by plaintiff on real

property situated on Grape Street, Los Angeles, was foreclosed with a claimed deficiency of $669.28.

October 17, 1933, an action (No. 326563) was filed in the municipal court to recover the deficiency. January 13, 1934, plaintiff's default was entered and judgment rendered against plaintiff for $669.09. November 28, 1938, on supplementary proceedings, plaintiff testified that on November 26, 1938, a declaration of homestead had been filed on the property here involved.

June 18, 1942, Milstein, defendant in the present action, purchased the judgment for $250 and on November 13, 1942, filed an assignment thereof to himself in the municipal court action. The first notice or knowledge plaintiff had of the assignment was on February 11, 1948.

January 30, 1943, more than five years after entry of the judgment, Milstein filed a notice of motion praying that execution issue on the judgment. The notice of motion was not accompanied by any affidavit showing diligence. The motion was heard on March 2, 1943. Neither the motion nor notice of the hearing of the motion was served on plaintiff. The court ordered that execution issue. On April 5, 1943, the clerk issued the writ. Plaintiff had no notice or knowledge of any such proceedings until February 11, 1948.

April 13, 1943, the sheriff made his levy as follows: "So 70 feet of Lot 43 Pardee Tract at Book 5, page 23 of Maps and Records of Los Angeles County and property known as No. 9050 Zamora, by handing to and leaving with Gladys Lockhart, tenant who was in possession of improved real property hereinafter described, a true copy of said writ." On April 13, 1943, plaintiff was, and at all times since has been, the record owner of said "So 70 feet of Lot 43 Pardee Tract." That property was not known as 9050 Zamora but as 8950 Zamora Street, Los Angeles. Gladys Lockhart was not then, nor has she ever been, a tenant of plaintiff. He does not know her. Plaintiff "did not receive any notice, nor had he any knowledge of said purported levy, or of the issuance of said execution.

"[N]o notice of said execution or said levy was posted on the premises No. 8950 Zamora Street, or elsewhere in said County. . . . [H]ad said Sheriff made his levy upon the occupants of No. 8950 and had the notice of execution or levy been posted on said real property, the plaintiff herein would have received notice of the same, and would have redeemed from said levy." Plaintiff did not reside on said property

on April 13, 1943, but resided in Fontana, San Bernardino County, and had been a resident there since 1938, ''as defendant's attorney, Joe Wapner and defendant well knew at all times since 1938.''

Without notice to, and with intent to conceal from, plaintiff the time and place of the sale of the property, Milstein delivered instructions to the sheriff to sell the property. February 7, 1944, the sheriff sold the property at private sale. There was no competitive bidding. Milstein and his attorney were the only persons who had notice or knowledge of the sale. Milstein, the sole bidder, bid $300. The sheriff sold the property to Milstein and plaintiff was given a credit of $270 on the judgment. The fair market value of the property at that time was $6,000 and ''was clear of all encumbrances except the Declaration of Homestead, all as this defendant and his attorney well knew.'' February 11, 1944, the sheriff issued a certificate of sale, and on March 1, 1945, a deed of the property, to Milstein. Plaintiff first learned the sale had taken place on February 11, 1948. Milstein purchased the real property ''for an insignificant amount grossly disproportionate to the actual value of the said real property, with the express intent and design to deprive plaintiff of his property.'' Milstein not only claimed title to the real property ''of the fair market value of $6,000'' but also claimed that plaintiff ''was still indebted to him in the sum of $429.00 . . . being nearly twice what Milstein had originally paid for the judgment.''

At all times since 1938, all taxes levied on the property and all insurance and expenses therefor have been paid by plaintiff, and none by Milstein. Because of lack of notice or knowledge, plaintiff had no opportunity to redeem. He could and would have redeemed before March 1, 1945, had he had either notice or knowledge of the sale.

The failure of defendant to notify plaintiff was intentional and fraudulent, and was designed to deceive and take undue advantage of plaintiff and deprive him of his property. Plaintiff has offered to do equity ''to recover his real property'' and particularly to pay defendant ''the sum paid by him for his purchase of the judgment in case No. 326563, with legal interest thereon, but said Milstein demands the sum of $3,000.00 therefor.''

The prayer is for a decree (1) declaring the order of the municipal court for the issuance of execution void; (2) setting aside the issuance of the writ of execution; (3) declaring the

sale void; (4) cancelling the sheriff's certificate; (5) cancelling the sheriff's deed; (6) requiring plaintiff to pay defendant such sum of money as the court may deem equitable and upon payment of such sum decreeing that plaintiff is the owner of the property and that defendant has no interest therein; (7) general relief.

The demurrer was general and special. The special grounds were: (1) several causes of action are improperly united and not separately stated; (2) it cannot be determined how or in what manner defendant concealed from plaintiff the time and place of the sale; (3) the action is barred by section 343 of the Code of Civil Procedure; (4) the action is barred by laches.

For the purpose of this opinion we must, of course, assume that all of the facts alleged in the amended complaint are true. ■ The present suit is a direct attack on the order directing the issuance of execution. An attack on the order on the ground it was procured by fraud is a direct attack since establishment of the fraud shows that no order was made. (*Parsons* v. *Weis,* 144 Cal. 410, 415 [77 P. 1007]; *Stevens* v. *Kelley,* 57 Cal.App.2d 318, 324 [134 P.2d 56]; *Sipe* v. *McKenna,* 88 Cal.App.2d 1001, 1005 [200 P.2d 61].) ■ It was alleged that plaintiff had no notice or knowledge of the proceedings had, more than five years after the entry of judgment, in the municipal court for the issuance of a writ of execution. These allegations, if proved, are sufficient to establish extrinsic fraud. ''Courts of equity will relieve a party from an unjust judgment rendered against him when, without service of process, either actual or constructive, no opportunity has been given him to be heard in his defense.'' (*Sipe* v. *McKenna, supra,* p. 1005.)

The facts alleged are almost identical with those in *Young* v. *Barker,* 83 Cal.App.2d 654 [189 P.2d 521]. If true, the facts here present a much stronger case for the interposition of equity than did those in the Young case where the court characterized them as follows: ''a program, well prepared and almost successful, whereby plaintiff [defendant here] hoped to acquire a valuable property for a paltry sum by following the forms of law but in defiance of the elemental rules of equity and without a simulacrum [shadowy semblance] of justice.'' In the Young case the court stated, pages 657-660: ''The bare allegation that the summons and complaint were not served on defendant without the averment of facts showing that she had a meritorious defense to the action in the

municipal court is insufficient to state a cause of action. [Citations.] If this were the extent of defendant's allegation of error plaintiff would have been entitled to judgment, but she does not rest with this one charge of irregularity. She alleges a course of conduct by plaintiff and her attorney from the entry of the default judgment in the municipal court to the commencement of the instant action that unmistakably indicates, as found by the court, a fraudulent purpose on their part and manifests a carefully planned and executed scheme to deprive defendant of a valuable property for approximately 4 per cent of the amount of her equity. . . .

"In *Odell* v. *Cox*, 151 Cal. 70 [90 P. 194], there was an inadequacy of consideration, which alone is not a sufficient ground for vacating the execution sale; but, said the court, inadequacy of price is a circumstance to be considered in connection with other circumstances which together will be a ground for vacating the sale (pp. 73, 74). In the Odell case as in the instant case the judgment debtor had no knowledge of the issuance of the execution or of the sale and although a writ of execution was levied in the manner authorized by law the method of its levy was such that the owner did not know and could not learn of the levy except from information given him by the opposing party or casually by someone who knew the facts. In view of the defendant's financial circumstances and of the appeal from the judgment he had no reason to believe that his property would be sold. To the same effect are the cases of *Winbigler* v. *Sherman*, 175 Cal. 270 [165 P. 943], and *Hyman* v. *Stern*, 61 Cal.App. 656 [215 P. 911]. In *Graffman* v. *Burgess*, 117 U.S. 180, 192 [6 S.Ct. 686, 29 L.Ed. 839, 843], it is said that if the inadequacy is so gross as to shock the conscience (it is so in the instant case), or if, in addition to the gross inadequacy, the purchaser has been unfair or has taken undue advantage, or if the owner of the property has been misled or surprised, the sale will be regarded as fraudulent and void, or the party injured will be permitted to redeem the property from sale. 'Great inadequacy requires only slight circumstances of unfairness in the conduct of the party benefited by the sale to raise the presumption of fraud.' In *Schroeder* v. *Young*, 161 U.S. 334, 338, [16 S.Ct. 512, 40 L.Ed. 721, 724], it is said that while mere inadequacy of price may not be sufficient in itself to warrant the setting aside of a judicial sale 'courts are not slow to seize upon other circumstances impeaching the fairness of the transaction as a cause for vacating it.' Further that such gross inadequacy as to

shock the conscience, irregularities attending the sale, where the sale was conducted in such manner that the full value of the property could not be realized, if bidders had been kept away, if undue advantage had been taken to the prejudice of the owner, or if he had been lulled into false security, the sale may be set aside and the owner may be permitted to redeem. In the Schroeder case, as in the instant case, the levy was made under the specific direction of plaintiff's attorney, who was the sole bidder at the sale and the only person present excepting the officer conducting the sale.''

As the facts alleged in the present suit are so similar to those in *Young v. Barker, supra,* 83 Cal.App.2d 654, and to those in the cases referred to in Young further discussion is unnecessary. ▮ It is clear that the complaint states facts sufficient to constitute a cause of action.

Milstein argues that his grounds of special demurrer were well taken and that because plaintiff declined to amend, the judgment must be affirmed. (*Hendricks v. Osman,* 72 Cal. App.2d 465, 466 [164 P.2d 545].) We have concluded that none of the grounds of the special demurrer is well taken.

▮ One of the grounds was that several causes of action are improperly united and not separately stated. One cause of action only was alleged. The suit is in equity. ▮ A cause of action is simply the obligation sought to be enforced against the defendant. (*Frost v. Witter,* 132 Cal. 421, 426 [64 P. 705, 84 Am.St.Rep. 53]; *Klopstock v. Superior Court,* 17 Cal.2d 13, 20 [108 P.2d 906, 135 A.L.R. 318].) ▮ The cause of action alleged is for restitution—to quiet title to a parcel of realty. Incidental to that, plaintiff alleges the facts necessary to such a decree. ▮ Defendant confuses the unlawful conduct which gave rise to the cause of action with the cause of action itself.

In *Louvall v. Gridley,* 70 Cal. 507 [11 P. 777], it was held that a complaint seeking to quiet plaintiff's title to land and to have a deed from the plaintiff declared a mortgage, states but a single cause of action. In *Beronio v. Ventura County Lumber Co.,* 129 Cal. 232 [61 P. 958, 79 Am.St.Rep. 118], it was held that a complaint seeking to quiet plaintiff's title to land and also to annul a sheriff's deed to the defendant under foreclosure of a mortgage states only a single cause of action for the enforcement of plaintiff's right to the premises in question against the unlawful claim of the defendant thereto, and is not subject to a demurrer for misjoinder of causes of action. In *Parsons v. Weis,* 144 Cal. 410 [77 P.

1007], it was held that a complaint seeking to quiet plaintiff's title to a parcel of realty as against the defendant, and, as incidental thereto, to set aside a former judgment in favor of the defendant quieting his title as against the plaintiff, on the ground of fraud in its procurement, states but a single cause of action. In *Thompson* v. *Moore,* 8 Cal.2d 367, it was said, page 370 [65 P.2d 800, 109 A.L.R. 1027], that "a complaint consisting of two counts, one stating a cause of action to quiet title to real property, and the other for the cancellation of a judgment or other encumbrance against said real property states but a single cause of action." In *Wood* v. *Roach,* 125 Cal.App. 631 [14 P.2d 170], it was held that a complaint seeking to quiet plaintiff's title to realty, and, as incidental thereto, to have an order of confirmation of sale of the realty, and a deed issued pursuant thereto, declared void, states but one cause of action. (See, also, *California Trust Co.* v. *Cohn,* 214 Cal. 619, 628 et seq. [7 P.2d 297] ; *Muir* v. *Hamilton,* 152 Cal. 634, 636 [93 P. 857] ; *Earl* v. *Lofquist,* 135 Cal.App. 373, 379 [27 P.2d 416] ; *Young* v. *Young Holding Corp., Ltd.,* 27 Cal.App.2d 129, 146 [80 P.2d 723].)

The only specification of uncertainty was that it could not be determined how, or in what manner, Milstein concealed from plaintiff the time and place of the sale of the real property. The ultimate fact is pleaded. It is an old and elemental rule of pleading that a demurrer for uncertainty does not lie if what is sought is a statement of matter already within the knowledge of the demurring party. Even under the strict rules of common law pleading, one of the canons was that less particularity is required when the facts lie more in the knowledge of the opposite party than of the party pleading. If, in truth, Milstein concealed from plaintiff the fact that the property was to be sold, he knows it and he knows the time and place of concealment, if there was a time and place. It would seem that concealment is negative and that it would occur without any time or place. Milstein knows the facts.

One of the grounds of the demurrer was that the action is barred by section 343 of the Code of Civil Procedure, providing that "An action for relief not hereinbefore provided for must be commenced within four years after the cause of action shall have accrued." Section 343 is not controlling. It applies only to actions not covered in the preceding sections of the Code of Civil Procedure. (*Richardson* v. *Michel,* 45 Cal.App.2d 188, 195 [113 P.2d 916].)

 Where, as here, the gist of the action is fraud, and where relief is sought on that ground, the action comes directly within the provisions of section 338, subdivision 4, of the Code of Civil Procedure, irrespective of the form of action. (*Richardson* v. *Michel,* 45 Cal.App.2d 188, 196 [113 P.2d 916]; *Lightner Mining Co.* v. *Lane,* 161 Cal. 689, 702 [120 P. 771, Ann.Cas. 1913C 1093].) This section was not specified as a ground of demurrer. When a demurrer specifies a particular section upon which the defendant relies to defeat the action, no other sections of the statute are pleaded, and the only question is whether the cause of action is barred by the particular section or sections mentioned in the demurrer. (*Bank of San Luis Obispo* v. *Wickersham,* 99 Cal. 655, 659-660 [34 P. 444]; *Pedro* v. *Soares,* 18 Cal.App.2d 600, 610 [64 P.2d 776]; *Trubody* v. *Trubody,* 137 Cal. 172, 174 [69 P. 968]; 16 Cal.Jur. 609, § 204.) Nor is the action barred by laches. (*Secret Valley Land Co.* v. *Perry,* 187 Cal. 420, 424-426 [202 P. 449]; *Stanley* v. *Westover,* 93 Cal.App. 97, 109; *Huling* v. *Seccombe,* 88 Cal.App. 238, 241 [263 P. 362].)

We are of the opinion that the court erred in sustaining the demurrer to the amended complaint.

The judgment is reversed with directions to overrule the demurrer and permit defendant to answer.

Shinn, P. J., and Wood (Parker), J., concurred.